(691 P.2d 1329)
No. 56,622

GARRY E. WILLIAMS, *Appellee,* v. HERB MASCHNER, *Appellant.*

Opinion filed December 14, 1984.

*Charles E. Simmons,* of State Department of Corrections, of Topeka, for appellant.

*David C. Van Parys,* of Murray & Tillotson, Chartered, of Leavenworth, for appellee.

Before ABBOTT, P.J., C. FRED LORENTZ, District Judge, Assigned, and HARRY G. MILLER, District Judge Retired, Assigned.

LORENTZ, J.: Petitioner, Garry E. Williams, received four disciplinary convictions while an inmate at the Kansas State Penitentiary. The district court, in a habeas corpus proceeding, set aside the four disciplinary convictions and ordered a new hear-

ing on one of them. Herb Maschner, Director of Kansas State Penitentiary and respondent in the habeas corpus proceeding, appeals the trial court action setting aside the disciplinary convictions.

The facts underlying the disciplinary violations are not in the record and were never placed in evidence in the habeas corpus proceeding, and that is the essence of respondent's complaint: that the habeas corpus proceeding was decided prematurely without affording respondent an opportunity to present evidence on the merits. The record does disclose that on August 19, 1983, Williams was charged with four disciplinary reports. At the disciplinary hearing, he was found guilty and sentenced to a loss of his good time credits. On appeal, the Secretary of Corrections approved the decision of the penitentiary. Williams then filed his writ of habeas corpus alleging he was unlawfully imprisoned because the four reports were based on a single. event, and only one charge should have been filed. There was only one hearing before the trial judge, and although he requested copies of the disciplinary reports, they were never produced, and no witnesses were called. A procedural question was raised concerning the scope of review of prison disciplinary hearings. With no other evidence being presented, the court directed counsel to prepare briefs on the scope of review. Following submission of briefs, and with no further evidentiary hearing, the court entered an order finding that petitioner should have been charged with only one disciplinary report and that he should be given a new disciplinary hearing. The court also found that the Department of Corrections regulation on cross-examination of witnesses was a denial of due process.

The issues raised on appeal assert that the district court prematurely decided the case without affording appellant an opportunity to present evidence, that proper scope of review of a prison disciplinary proceeding is to determine whether due process requirements are met, and that the cross-examination procedure provided for in the regulations governing disciplinary hearings meets due process requirements.

The findings of the trial court as set out above necessarily include findings of fact. The specific factual finding made by the trial court is contained in its order dated and filed February 14, 1984:

"Therefore, we go down to the actual facts of this case.

"The Court finds that from the evidence that the petitioner should only be charged with one incident report; that he should be afforded another hearing to see whether how many additional days should be withdrawn from good time credits."

Where the trial court has made findings of fact and conclusions of law, the function of the appellate court is to determine whether the findings are supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law. *Iola State Bank v. Bolan,* 235 Kan. 175, 187, 679 P.2d 720 (1984).

As the record before us establishes that no evidence was presented at the habeas corpus proceeding, it cannot be said that the trial court's factual finding was supported by substantial competent evidence.

Based on the foregoing, we conclude the trial court erred in making factual findings unsupported by substantial competent evidence.

The specific scope of review of a prison disciplinary hearing was clearly set out in *Levier v. State,* 209 Kan. 442, 450-51, 497 P.2d 265 (1972), when the Kansas Supreme Court made the following statement:

"It should also be emphasized that prison officials as executive officers of the state are charged with the control and administration of the penal institutions of the state and as such are vested with wide discretion in the discharge of their duties. Under familiar rules, that discretion should not be interfered with by the courts in the absence of abuse or unless exercised unlawfully, arbitrarily or capriciously."

A further statement contained in *Levier* at 451 holds that:

"[D]isputed issues of fact respecting mistreatment of inmates should be determined administratively in a grievance procedure wherein the inmate is afforded the basic elements of due process . . . ."

Although that case dealt with complaints respecting denial of medical treatment and lack of exercise or rehabilitation programs as opposed to the case at bar which involves disciplinary convictions resulting in loss of good time which, in turn, means additional incarceration, we believe it is clear that Kansas should follow the reasoning set out in *Wolff v. McDonnell,* 418 U.S. 539, 41 L.Ed.2d 935, 94 S.Ct. 2963 (1974), which contains a lengthy discussion of the due process requirements involved or to be addressed in an administrative disciplinary hearing resulting in

loss of good time credits by an inmate. At page 558 of the *Wolff* case, the United States Supreme Court holds that when inmates can lose good time credits if they are found guilty of serious misconduct, the minimum requirements of procedural due process, appropriate to the circumstances, must be observed.

We hold that an inmate's allegation of denial of due process in an administrative disciplinary hearing is sufficient to invoke review by a trial court with the trial court's scope of review limited to a review of the record to determine if the administrative tribunal acted fraudulently, arbitrarily or capriciously, and whether the inmate was afforded the basic elements of due process.

Finally, we must consider the denial to Williams of the right to confront and cross-examine witnesses in a prison disciplinary proceeding. That question has been dealt with at length by the federal courts. In *Jones v. Marquez,* 526 F. Supp. 871, 881 (D. Kan. 1981), the Court held that "[t]he right to cross-examine adverse witnesses . . . is a matter left to the sound discretion of prison authorities."

In making the above holding, that court cited *Baxter v. Palmigiano,* 425 U.S. 308, 47 L.Ed.2d 810, 96 S.Ct. 1551 (1976), which contained an extensive discussion of the right to confrontation of witnesses versus the obvious potential for disruption and for interference with the swift punishment which in individual cases may be essential to carrying out the correctional program of the institution. In short, the United States Supreme Court in the *Baxter* case held that an inmate should be allowed to call witnesses when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, with the final determination being left within the sound discretion of the officials who run the state prisons.

This holding is in accordance with K.A.R. 1983 Supp. 44-13-405(k)(2), which provides that in a disciplinary hearing:

"The prosecution shall present its evidence and the defense shall be permitted to cross examine, except as otherwise provided by these regulations."

and K.A.R. 1983 Supp. 44-13-405(h), which provides that:

"The . . . hearing officer shall have and exercise all powers necessary to ensure the orderly process of the disciplinary hearing proceedings."

Due to the lack of evidence presented at the trial court review,

we cannot say that the failure of the administrative tribunal to allow Williams to cross-examine witnesses was arbitrary or capricious.

The decision of the trial court is reversed and the matter remanded for further proceedings in accordance with this decision.