(750 P.2d 418)

No. 60,436

KENNETH L. FRAZEE, *Appellant,* v. HERB MASCHNER, *et al.,*
*Appellees.*

Petition for review denied April 13, 1988.

Opinion filed February 25, 1988.

*Kevin E. Reardon,* of Ed Schneeberger, Chartered, of Leavenworth, for the
appellant.

*Timothy Madden,* and *Charles E. Simmons,* chief legal counsel, Department
of Corrections, of Topeka, for the appellees.

Before BRISCOE, P.J., SIX and LARSON, JJ.

BRISCOE, J.: Petitioner Kenneth L. Frazee appeals the district
court's affirmance of the denial of his good time credits, con-
tending (1) the district court erred in finding the unit team at the
Kansas State Penitentiary did not abuse its discretion in award-
ing Frazee only 85 percent of the available good time credits;
and (2) denial of good time credits without any type of due
process violated the 14th Amendment to the United States Con-
stitution.

Initially, Frazee had a medium custody classification and
resided in A cellhouse. In 1984 when he was reclassified as
minimum custody, prison authorities ordered Frazee to move to
B cellhouse. Frazee refused to move. When the unit team made
its annual review, it decided to award Frazee only 85 percent of

the available good time credits because he had refused to move to B cellhouse. The policy at the penitentiary was not to award 100 percent of the available good time credits to anyone residing in A cellhouse. Inmates residing in A cellhouse are "unassigned," *i.e.*, they are not eligible for assignment in educational or vocational training programs. Frazee unsuccessfully pursued the appropriate grievance procedure in an attempt to obtain the remaining 45 days of the available good time credits. Frazee then filed a petition for writ of habeas corpus which was dismissed by the district court.

## GRANT OR DENIAL OF GOOD TIME CREDITS
## WITHIN DISCRETION OF PENAL AUTHORITIES

Frazee contends the penal authorities' refusal to award an inmate good time credits solely because he refuses to move from one cellhouse to another is an abuse of discretion.

K.A.R. 44-6-124 addresses the awarding of good time credits. Guidelines for the awarding of good time credits as well as the discretion applicable in the awarding of good time credits are specifically described in K.A.R. 44-6-124(a) and (b), as follows:

"For parole eligibility, award of good time credits shall be limited as follows:

"(1) Inmates with no class I offenses during the review period shall receive at least 50% of good time credits allocated for that period.

"(2) Inmates with no class I or II offenses during the review period shall receive at least 60% of the good time credits allocated for that period.

"(3) Inmates with no class I, II or III offenses during the review period shall receive at least 70% of the good time credits allocated for that period.

"(4) Inmates with no class I, II, III or IV offenses during the review period shall receive at least 80% of the good time credits allocated for that period.

"(5) The balance of the credits above the percentages listed in paragraphs (a)(1) to (a)(4) shall be awarded by the unit team based on factors of good work, behavior, and on other performance factors related to effective rehabilitation of the inmate.

"(b) Award at discretion of unit team and based on merit. The unit team shall refuse to award all or part of that portion of the credits over which they have discretion for poor behavior or work, for malingering in educational programs, or for other relevant reasons determined, explained and documented by the unit team. Inability to work or participate in programs due to legitimate health problems, or for other reasons beyond the inmate's control shall not be considered grounds, standing alone, for refusing to award good time credits."

In the present case, Frazee is contending the unit team abused its discretion in failing to award him 45 days of good time credits

which were a part of the "discretionary" 20 percent of good time credits available to Frazee under K.A.R. 44-6-124(a)(5) and (b).

It has generally been held that the grant or denial of good time credits is totally within the discretion of penal authorities. *United States v. Hedges,* 458 F.2d 188, 190 (10th Cir. 1972). In *Smoake v. Willingham,* 359 F.2d 386 (10th Cir. 1966), the defendant was acquitted in criminal proceedings on charges of assaulting another inmate. Nevertheless, the penal authorities took away defendant's good time credits because of the assault. In holding that the authorities had not abused their discretion, the court stated that a "[v]iolation of prison rules, although not a violation of a criminal law, may well be sufficient to warrant . . . the cancellation of good time [credits] earned, and is conclusive on the Courts in the absence of a showing of an abuse of discretion." *Smoake,* 359 F.2d at 388.

Here, the unit team refused to award 100 percent of the available good time credits because Frazee refused to move to B cellhouse where he could have participated in rehabilitation programs. Since refusal to award good time credits was based on grounds relating to behavior and rehabilitation, and was within the percentage limits set out in the regulation (K.A.R. 44-6-124[a][5] and [b]), the district court did not err in finding the penal authorities had not abused their discretion.

Frazee argues he had a back problem which prevented him from moving to B cellhouse and pursuing rehabilitation programs. Under K.A.R. 44-6-124(b), inability to work or participate in programs due to legitimate health problems shall not be considered grounds, standing alone, for refusing to award good time credits. Here, no evidence in the record indicates the penal authorities were aware of Frazee's back problem and nothing in the record, other than his own testimony, indicates that Frazee was unable to participate in rehabilitation activities. Consequently, it cannot be said the penal authorities based their refusal to award credits on an impermissible basis such as Frazee's physical inability to participate in rehabilitation programs.

## DUE PROCESS INAPPLICABLE TO GRANT
## OR DENIAL OF GOOD TIME CREDITS

Frazee further contends his due process rights under the 14th Amendment to the United States Constitution were denied. He

claims good time credits were established by statute and, therefore, he has a "liberty interest" in them, entitling him to notice and an opportunity to be heard before being denied 45 days of good time credits.

Although a prisoner's rights as a citizen may be diminished because of imprisonment, "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." *Wolff v. McDonnell*, 418 U.S. 539, 555, 41 L. Ed. 2d 935, 94 S. Ct. 2963 (1974). Prisoners have protection under the due process clause and may not be deprived of life, liberty, or property without due process of law. *Wolff*, 418 U.S. at 556. A person is not entitled to due process protections, however, unless the nature of the interest is one within the contemplation of the liberty or property language of the 14th Amendment. *Jago v. Van Curen*, 454 U.S. 14, 17, 70 L. Ed. 2d 13, 102 S. Ct. 31 (1981); *Morrissey v. Brewer*, 408 U.S. 471, 481, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972).

In *Wolff*, 418 U.S. at 557-58, the Court held that, because revocation of good time credits already earned involves the taking of a liberty interest, the minimum requirements of procedural due process must be met before such credits are taken from an inmate. Good time credits already earned, the Court reasoned, are a protected liberty interest because the State has created a statutory right to such credits and recognized their deprivation as a sanction authorized for major misconduct.

In Kansas, since the legislature has statutorily created a right to credits earned by good behavior (K.S.A. 1987 Supp. 22-3717[o]; K.A.R. 44-6-124), and since Kansas has recognized that forfeiture of such credits is a sanction for serious misconduct (K.A.R. 44-12-1301 [1987 Supp.]; 44-12-1302), an inmate who has already earned good time credits has a liberty interest protected by the 14th Amendment due process clause should penal authorities contemplate the subsequent taking of earned good time credits for disciplinary reasons. *Williams v. Maschner*, 10 Kan. App. 2d 79, 81-82, 691 P.2d 1329 (1984).

The penal authorities contend, however, that Frazee has no present liberty interest in the *possibility* of receiving all of the good time credits available under K.A.R. 44-6-124(a)(5) because such a possibility of earning credits does not create a vested right. We agree.

In *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 60 L. Ed. 2d 668, 99 S. Ct. 2100 (1979), the penal authorities had decided to grant an inmate parole but, prior to his release, they changed their decision. The issue was whether the 14th Amendment applied to pre-release rescission of a parole grant. The Court held that, although the possibility of parole provided no more than a mere hope that the benefit would be obtained and thus was not protected by due process, the State, by its parole statute, had created a legitimate expectation of parole. The expectancy of release provided in the state statute was entitled to some measure of constitutional protection. The Court cautioned, however, that the state statute had a unique structure and language and, thus, whether any other state statute provided entitlement must be decided on a case-by-case basis. See *In re Uphoff,* 7 Kan. App. 2d 301, 641 P.2d 406 (1982).

The present case is distinguishable from *Wolff* and *Greenholtz.* Unlike the inmate in *Wolff,* Frazee did not yet possess any good time credits at the time the penal authorities acted. He clearly did not possess an unqualified right to receive the remaining 20 percent of good time credits available under K.A.R. 44-6-124(a)(5). Furthermore, unlike the statute in *Greenholtz,* the regulation here (K.A.R. 44-6-124) did not create a legitimate expectation that the discretionary 20 percent of good time credits would be awarded. Our regulation is broadly worded, giving penal authorities a large amount of discretionary power. Because the potential to receive good time credits available under K.A.R. 44-6-124(a)(5) is not a protected liberty interest, Frazee was not entitled to notice and an opportunity to be heard before being denied that portion of good time credits.

Affirmed.