(948 P.2d 1142)

No. 78,285

XUAN HIEP LE, *Appellant*, v. CHARLES E. SIMMONS, *et al.*, *Appellees*.

Opinion filed November 26, 1997.

*Michael C. Robinson*, of Reynolds, Forker, Berkley, Suter, Rose & Dower, of Hutchinson, for the appellant.

*Jon D. Graves*, administrative attorney, Hutchinson Correctional Facility, for the appellees.

Before PIERRON, P.J., GREEN, J., and ERIC S. ROSEN, District Judge, assigned.

PIERRON, J.: Xuan Hiep Le appeals the summary dismissal of his K.S.A. 1996 Supp. 60-1501 petition.

Le is incarcerated in Hutchinson Correctional Facility. While in administrative segregation, Le received a disciplinary report after a pair of tweezers was found under his mattress. The report stated that metal objects such as tweezers were classified as dangerous contraband in the segregation unit. At the disciplinary hearing, Le testified the tweezers had been in his property when he was transferred to the segregation unit, and he had never been told they were classified as contraband. The hearing officer found Le guilty of possessing dangerous contraband and sentenced him to 45 days'

disciplinary segregation, 60 days' restriction from privileges, 6 months' loss of good time credit, and a $20 fine. The warden approved the finding of the violation, but reduced the sentence to 14 days' disciplinary segregation, 60 days' restriction from privileges, 3 months' loss of good time credit, and a $20 fine. On appeal, the Secretary of Corrections approved the decision, stating that there was sufficient evidence to uphold the finding.

Le filed a 60-1501 petition in district court. The petition alleged Le had been wrongfully punished for the negligence of prison officials who had permitted him to retain the tweezers when placing him in administrative segregation. He argued his equal protection rights had been violated because others were not punished under similar circumstances, his due process rights had been violated at the hearing, and prison officials had permitted the wrongful conduct of their subordinates. The district court dismissed the petition without a hearing.

A 60-1501 petition filed by an inmate is subject to summary dismissal unless it asserts the deprivation of a constitutional right. The inmate has the burden of proving a violation of his or her constitutional rights in a habeas proceeding. *Anderson v. McKune,* 23 Kan. App. 2d 803, 806-07, 937 P.2d 16 (1997).

Le is mainly concerned about the loss of his good time credits. He has a liberty interest protected by the Due Process Clause of the 14th Amendment in good time credits already earned. See *Frazee v. Maschner,* 12 Kan. App. 2d 525, 528, 750 P.2d 418, *rev. denied* 243 Kan. 778 (1988). Le has alleged a violation of a constitutional magnitude.

Le contends the problem is notice. He does not mean adequate notice of the disciplinary hearing, which he received, but notice that the tweezers were considered to be dangerous contraband in segregation. He claims the dangerous contraband regulation he was found to have violated did not apply. He maintains he had no fair warning that possession of the tweezers in administrative segregation was prohibited and that he did not violate any known rule or order.

Le was found to have violated K.A.R. 44-12-901. The applicable sections provide:

"(a) Dangerous contraband is defined as: (1) Any item or any ingredient or part of or instructions on creation of such item, which is inherently capable of causing serious damage to persons or property, or is capable or likely to produce or precipitate dangerous situations or conflict, and which is not issued by the department of corrections or the facilities, sold through the canteen, or specifically authorized or permitted by order of the principal administrator for use or possession in designated areas of the facility . . . .

. . . .

"(c) No inmate shall possess, hold, sell, transfer, receive, control, distribute, or solicit any dangerous contraband."

Le argues this section does not apply to his situation because tweezers are sold in the canteen and inmates are permitted to possess them. The most relevant portion of K.A.R. 44-12-901(a)(1) would appear to be the last clause, which prohibits items that are not specifically authorized or permitted in designated areas of the facility by order of the principal administrator. However, the compound, complex language of 44-12-901(a)(1) does not make for easy interpretation.

The appellees indicate that metal objects such as tweezers are prohibited in administrative segregation areas. They have not identified any specific order that so provides. Without an order prohibiting the tweezers in the segregation unit, the dangerous contraband definition has not been met if tweezers are sold through the canteen or issued by the Department of Corrections or the prison facilities.

The appellees state that Le was given verbal notification that such objects would not be allowed. Verbal notification alone would not meet the required standard of formality. Under K.S.A. 1996 Supp. 75-5256, orders of the warden, other than those relating to emergency and security procedures, must be published and made available to all inmates. *Gilmore v. McKune*, 23 Kan. App. 2d 1029, 1035, 940 P.2d 78 (1997). The record does not indicate an order concerning the possession of metal objects such as tweezers in administrative segregation was published or made available to all inmates. The documents included as exhibits in the appellees' brief also do not identify or contain such an order.

While arguably all rules in a prison setting have some relationship to security concerns, the specific issue here is a disciplinary

one involving a liberty interest in good time credits already earned. To be effective, such rules need to be detailed in a published, written order. Without such an order, there is no legal basis to support the finding that Le violated the dangerous contraband provision of K.A.R. 44-12-901.

Le states facts which appear to support a petition for relief under 60-1501. Appellees may be able to present facts and arguments to satisfy this challenge. We reverse and remand for a full hearing on the issues raised by Le's petition.

Reversed and remanded.