(11 P.3d 503)

No. 83,779

No. 83,780

DERRICK W. DAVIS, *Appellant,* v. DAVID R. MCKUNE, *et al.,* *Appellees.*

Opinion filed September 29, 2000.

*Linda S. Mock,* of Leavenworth, for appellant.

*Kenneth R. Smith,* special assistant attorney general, and *Carla J. Stovall,* attorney general, for appellees.

Before BRAZIL, C.J., GREEN, J., and WILLIAM F. LYLE, JR., District Judge, assigned.

GREEN J.: Derrick W. Davis appeals from a trial court order denying his separate petitions for writ of habeas corpus following his convictions of disciplinary violations. This court has consolidated Davis' two appeals for purposes of argument and decision. On appeal, Davis argues that the trial court erred in finding that the hearing officer did not violate Davis' right to due process in refusing his request to call witnesses during the disciplinary hearing. We disagree and affirm. In addition, Davis argues that the trial court erred in finding that the suspension of his visitation privileges for a period of 2 years did not violate K.A.R. 44-7-104. Davis' visitation privileges are reinstated for 1 year in accordance with this opinion.

Davis is an inmate at the Lansing Correctional Facility in Lansing, Kansas. In July 1998, Davis received two disciplinary reports. The first report, numbered 0310, alleged that Davis engaged in lewd conduct with his wife in violation of the visitation rules. This disciplinary report was dismissed, however, because it was originally served on the wrong inmate. The second disciplinary report, numbered 0337, alleged the same charges and facts as the first report.

Prior to the hearing on disciplinary report 0337, Davis requested that several corrections officers be called to testify. Davis wanted these corrections officers to testify about the two disciplinary reports written on the same alleged incident in the visitation room. The hearing officer denied Davis' request that the corrections officers be called to testify because the requested witnesses had no knowledge of the alleged violation.

The hearing officer viewed the videotape of the incident and found Davis guilty of engaging in lewd conduct during visitation. The hearing officer sentenced Davis to a 30-day privilege restriction, suspended for 6 months, and a $15 fine. In addition, the deputy warden of programs suspended Davis' visitation privileges for 2 years.

Davis then filed two petitions for writ of habeas corpus with the trial court. The trial court consolidated the petitions because the issues raised therein were substantially the same. The trial court denied the petitions after finding that the hearing officer did not violate Davis' constitutional rights when denying his request for witnesses and that the 2-year suspension of Davis' visitation privileges was authorized.

Davis separately appealed the denial of each of the petitions for writ of habeas corpus.

Davis' first argument on appeal is that the trial court erred in finding that the hearing officer did not violate Davis' right to due process in refusing his request to call witnesses. Our standard of review is whether sufficient facts support the trial court's conclusion that the hearing officer did not arbitrarily or capriciously deny Davis' request to call witnesses. See *Shepherd v. Davies*, 14 Kan.

App. 2d 333, 338, 789 P.2d 1190 (1990); *Williams v. Maschner*, 10 Kan. App. 2d 79, 81-82, 691 P.2d 1329 (1984).

K.A.R. 44-13-405a provides:

"(a) In determining whether to allow the inmate to call a witness from the prison population or from among prison employees, the hearing officer shall balance the inmates' interest in avoiding loss of good time and assessment of a fine or placement in disciplinary segregation against the needs of the prison. These needs of the prison include:

. . . .

(7) the need to avoid irrelevant, immaterial, or unnecessary testimony or evidence.

. . . .

"(b) The hearing officer shall have broad discretion in permitting or denying the witness request. In exercising the discretion, the hearing officer shall balance the inmate's request and wishes against the needs of the prison. The goal of the hearing officer shall be to conduct the fact-finding process in a manner leading to the discovery of the truth."

Here, the hearing officer denied Davis' request for witnesses after finding that the witnesses had no knowledge of the alleged violation of the visitation rules. Davis wanted the witnesses to testify as to the duplicate disciplinary reports, which were irrelevant to whether he violated the rules. We find that the trial court correctly determined that the hearing officer gave adequate consideration to Davis' request to call witnesses and that the hearing officer did not arbitrarily deny Davis' request.

Davis also argues that the trial court erred in finding that the suspension of his visitation privileges for a period of 2 years did not violate the provisions of K.A.R. 44-7-104. A determination of whether the trial court correctly interpreted K.A.R. 44-7-104 requires statutory construction. Statutory construction is a question of law over which this court has unlimited appellate review. *National Council on Compensation Ins. v. Todd*, 258 Kan. 535, 539, 905 P.2d 114 (1995) (citing *Dillon Stores v. Lovelady*, 253 Kan. 274, 275, 855 P.2d 487 [1993].)

K.A.R. 44-7-104(a)(7)(B) provides: "The initial length of a suspension imposed for violation of an institutional rule shall not exceed one year and shall be reviewable on an annual basis thereafter at the request of the inmate." Because we have difficulty under-

standing this language, it is necessary to resolve the regulation's ambiguities. It is our duty to reconcile the two portions of K.A.R. 44-7-104(a)(7)(B) so as to make them consistent, harmonious, and sensible. See *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643-44, 941 P.2d 1321 (1997).

Read alone, the first portion of the regulation apparently means that a suspension cannot initially exceed 1 year. However, ambiguities arise when one considers the effect of the second portion of the regulation, which provides that a suspension can be reviewed annually at the inmate's request. The second portion of the regulation appears to be superfluous because an inmate would likely not request review of his or her suspension because review would be to the inmate's disadvantage. If the inmate failed to request review, the suspension would naturally expire and the inmate's privileges would be restored. On the other hand, if the inmate requested review, the suspension could be extended. Because this reading of the regulation produces an illogical result, it is necessary to reconcile the regulation's inherent contradictions.

We interpret K.A.R. 44-7-104(a)(7)(B) as follows. First, the principal administrator of a penal institution may not initially suspend an inmate's visiting privileges for more than 1 year. Moreover, the regulation implies that prior to the expiration of a 1-year suspension, the principal administrator may, upon his or her own initiative, review the suspension. At this review, the principal administrator has discretion to extend the suspension for any amount of time. If the suspension is extended for a period beyond 1 year, the inmate may request annual reviews of the suspension before the end of the second and subsequent years of the suspension. At the second and subsequent reviews of the suspension, the principal administrator has discretion to continue or discontinue the suspension. It is important to note that our interpretation of K.A.R. 44-7-104(a)(7)(B) applies whether the suspension is the inmate's first or subsequent suspension.

Here, the warden suspended Davis' visitation privileges for 2 years. We find that this suspension was not authorized by K.A.R. 44-7-104(a)(7)(B). The proper procedure for suspending Davis' visitation privileges would have been to initially suspend his visi-

tation privileges for 1 year. If the warden thought that a total suspension of 2 years was appropriate, the warden could have reviewed the suspension before its expiration and continued the suspension for another year. The suspension would have naturally expired at the end of the second year because under the regulation the warden may initiate only the first review of the suspension. Later reviews of the suspension must be initiated by the inmate. It would have been unnecessary for Davis to have requested review of the suspension because it would have naturally expired at the end of the second year.

Because the warden did not follow this procedure when suspending Davis' visitation privileges, we find that the suspension was unauthorized. As a result, we reverse the trial court's denial of Davis' petitions for writ of habeas corpus.

Affirmed in part, reversed in part, and remanded with directions.