(48 P.3d 1287)

No. 88,151

DERRICK W. DAVIS, *Appellant*, v. DAVID R. MCKUNE, *et al.*, *Appellees*.

Opinion filed June 28, 2002.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Kenneth R. Smith*, special assistant attorney general, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., MARQUARDT and BEIER, JJ.

GREEN, J.: Derrick W. Davis appeals from a trial court order denying his petition for writ of habeas corpus following a retroactive withholding of good time credits for disciplinary convictions. We affirm.

Davis received a class II disciplinary conviction on July 19, 1998, and a class I disciplinary conviction on February 24, 1999. Under K.A.R. 44-6-124(g), a disciplinary conviction results in the withholding of good time credits. Davis, however, did not have any good time credit withheld because it was believed that he was not entitled to good time credit. Several years later, it was discovered

that Davis was eligible to receive good time credit, and he was retroactively awarded good time credit. However, 120 days of good time credit were withheld due to the two disciplinary convictions.

Davis then filed a writ of habeas corpus alleging that the retroactive withholding of good time credit violated his constitutional rights. Without holding a hearing, the trial court dismissed Davis' K.S.A. 2001 Supp. 60-1501 petition after finding that 120 days of good time credit were properly withheld under K.A.R. 44-6-124(g)(1) and (2). A K.S.A. 2001 Supp. 60-1501 petition filed by an inmate is subject to summary dismissal unless it asserts the deprivation of a constitutional right. The inmate has the burden of proving a violation of his or her constitutional rights in a habeas proceeding. *Anderson v. McKune*, 23 Kan. App. 2d 803, 806-07, 937 P.2d 16 (1997).

On appeal, Davis argues that the trial court erred in finding that his good time credit was properly computed. Davis has a liberty interest protected by the Due Process Clause of the Fourteenth Amendment in good time credits already earned. See *Frazee v. Maschner*, 12 Kan. App. 2d 525, 528, 750 P.2d 418, *rev. denied* 243 Kan. 778 (1988). Accordingly, Davis has alleged a violation of a constitutional magnitude if he was denied good time credits already earned.

K.A.R. 44-6-124 addresses the awarding of good time credits. Subsection (g) provides in pertinent part:

"(g) An inmate's disciplinary record shall affect the earning of good time awards in the following manner.

(1) A guilty finding of a class I disciplinary offense shall result in the withholding of a minimum of 50% of the good time credits available for that program classification review period.

(2) A guilty finding of a class II disciplinary offense shall result in the withholding of a minimum of 25% but not more than 50% of the good time credits available for that program classification review period."

Good time credits "can be withheld because the inmate has not yet earned the credits by being violation free for the review period." *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, Syl. ¶ 8, 24 P.3d 128 (2001).

Here, Davis was retroactively awarded earned good time credits. However, 120 days of good time credit were withheld because of his disciplinary convictions. Because Davis did not earn the 120 days of good time credit that were withheld, he has not alleged a violation of a constitutional magnitude.

Davis argues that even if the withholding of good time credit was not a constitutional violation, the trial court nevertheless erred in denying his K.S.A. 2001 Supp. 60-1501 petition because the calculation of his good time credit is intolerable to fundamental fairness. To support his argument, Davis relies on *Swisher v. Hamilton*, 12 Kan. App. 2d 183, 740 P.2d 95, *rev. denied* 242 Kan. 905 (1987). *Swisher* held that to avoid summary dismissal of a 60-1501 petition "institutional treatment must be of such a nature as to clearly infringe upon constitutional rights, be of such character or consequence as to shock the general conscience, or be intolerable to fundamental fairness. [Citation omitted.]" 12 Kan. App. 2d at 184. Stated another way, "allegations must be made of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." 12 Kan. App. 2d at 184-85.

Davis argues that the calculation of his good time credits is intolerable to fundamental fairness because his credits were withheld by a unit team manager rather than by the disciplinary board and the hearing officer. To support his argument, Davis cites K.A.R. 44-13-406, which provides for the disposition of a disciplinary proceeding by a hearing officer. However, Davis' reliance on K.A.R. 44-13-406 is misplaced because his good time credits were not withheld pursuant to that regulation. Instead, Davis' good time credits were distributed under K.A.R. 44-6-101(d), which provides that the " '[a]ward of good time credits' means the act of the unit team, as approved by the program management committee and the warden or designee, granting all or part of the allocation of credits available for the time period under review."

Davis' earned good time credits were properly awarded by the unit team manager and, as a result, his argument that they needed to be awarded by the disciplinary board and the hearing officer is without merit. Because the withholding of Davis' good time credits was in compliance with the applicable regulations, it cannot be said

that the calculation of his good time credit is intolerable to fundamental fairness.

Affirmed.