(100 P.3d 99)
No. 92,074

Donald O'Neal Griffin, *Appellant*, v. Richard Gilchrist, *et al.*, *Appellees.*

—

Opinion filed October 29, 2004.

*Michael G. Highland*, of Bonner Springs, for the appellant.

*Brian R. Johnson*, of the Law Offices of John M. Knox, Chartered, of Lawrence, for the appellees.

Before Pierron, P.J., Marquardt, J., and Bukaty, S.J.

Bukaty, J.: Donald O'Neal Griffin appeals the summary dismissal of his K.S.A. 2003 Supp. 60-1501 petition. We reverse and remand.

On May 8, 2003, Griffin filed a pro se petition for writ of habeas corpus pursuant to 60-1501. He claimed various violations of his rights under the United States Constitution. Specifically, he alleged he had been denied access to the courts in violation of the Due Process and Equal Protection Clauses and he had been subject to deliberate indifference to his serious medical needs in violation of the Eighth Amendment. In the caption of his petition he named as respondents those individuals he believed to be responsible for violating these rights—Richard Gilchrist and other staff counselors. However, he did not name the specific custodian of his person.

The district court summarily dismissed the petition for failure to state grounds upon which relief may be granted. The court found that Griffin had not established that the respondents were the proper parties to this habeas corpus action because the respondents were not his custodians.

Griffin timely appealed. He argues his petition complied with all statutory requirements and that the district court erred in dismissing it.

"Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. [Citation omitted.]" *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003); see *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004). The relevant statutes here are K.S.A. 2003 Supp. 60-1502 and K.S.A. 60-1503.

K.S.A. 2003 Supp. 60-1502 provides the requirements for the contents of a habeas corpus petition and states as follows:

"The petition shall be verified and state: (1) The place where the person is restrained and by whom; (2) the cause or pretense of the restraint to the best of plaintiff's knowledge and belief; and (3) why the restraint is wrongful. Individuals in the custody of the secretary of corrections must also include a list of all civil actions, including habeas corpus actions, the inmate has filed, or participated in, in any state court within the last five years."

Additionally, K.S.A. 60-1503 provides:

"(a) *Issuance*. The petition shall be presented promptly to a judge in the district court in accordance with the procedure of the court for the assignment of court business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court, the petition shall be dissolved at the cost of the plaintiff. If the judge finds that the plaintiff may be entitled to relief, the judge shall issue the writ and order the person to whom the writ is directed to file an answer within the period of time fixed by the court or to take such other action as the judge deems appropriate.

"(b) *Form*. The writ shall be directed to the party having the person under restraint and shall command such person to have the restrained person before the judge at the time and place specified in the writ."

Griffin urges that the body of his petition clearly reveals that he is in the custody of the Kansas Secretary of Corrections (SOC) at the Lansing Correctional Facility. He contends the petition also

states the cause of his restraint and why it is wrongful. As such, he contends his petition meets the requirements of K.S.A. 2003 Supp. 60-1502, despite the fact that he identified as respondents those individuals he believed to be responsible for the violation of his constitutional rights rather than the agency having custody of him.

Griffin's petition names only the various counselors he interacted with during his incarceration while participating in the Therapeutic Community Substance Abuse Program at Lansing. They are all employees of DCCCA, Inc. Based on this, respondents argue that the only claims asserted in the petition are against these employees of DCCCA, Inc., who have no ability to give Griffin the relief he seeks because they do not have custody of him. Accordingly, respondents contend that because K.S.A. 60-1503 requires that the writ of habeas corpus issue only against the person or agency having current custody of the petitioner, the district court properly dismissed Griffin's petition.

In *In re Habeas Corpus Application of Horst*, 270 Kan. 510, 14 P.3d 1162 (2000), the Kansas Supreme Court entertained a petition for writ of habeas corpus with the simple caption of "In the Matter of the Application of Kathy Horst, and Other Similarly Situated Individuals, for a Writ of Habeas Corpus." While the facts of *Horst* are certainly distinguishable from the present case, the fact remains that the court considered this petition despite the fact that no respondent who had custody of the petitioner was listed in the caption.

Further, in *Taylor v. McKune*, 25 Kan. App. 2d 283, 962 P.2d 566 (1998), the plaintiff timely filed a habeas corpus petition but failed to include verification, the proper fee, a poverty affidavit, or a list of prior civil actions. The district court did not file the plaintiff's petition but returned it requesting a correction of the problems or it would not file his petition. Taylor quickly remedied the deficiencies, and his petition was filed. However, the *Taylor* court went on to hold that none of the deficiencies prevented the petition from being accepted by the clerk of the district court upon receipt and none of the omissions deprived the district court of jurisdiction. 25 Kan. App. 2d at 288.

Additionally, in *Stewart v. Secretary of Corrections*, 29 Kan. App. 2d 411, 27 P.3d 932 (2001), Stewart did not verify the petition as required by 60-1502. This court relied on *Taylor* to hold that the clerk should have filed Stewart's unverified petition and then asked the district court to send an order to correct the deficiencies. The court could then have instructed Stewart that if he did not correct the deficiencies set forth in the order of noncompliance, the case would be dismissed. However, Stewart should have been given the opportunity to correct any deficiencies before the petition was dismissed. 29 Kan. App. 2d at 413.

While these cases are distinguishable factually from the present case, they demonstrate that when a petition for habeas corpus falls somewhat short in certain respects of the statutory requirements of K.S.A. 2003 Supp. 60-1502, the appellate courts of Kansas have either been lenient and considered the petition or have given petitioner the opportunity to make the necessary corrections before summarily dismissing the petition.

Had the situation here been such that it was unclear from the petition who had custody of Griffin and it was clear the persons or agencies named in the petition did not, summary dismissal may have been appropriate. The petition in this case when read as a whole, however, clearly establishes that Griffin is in the custody of the SOC and its agent, the warden of the Lansing Correctional Facility. As such, it was the district court's obligation under K.S.A. 60-1503 to determine whether Griffin may have been entitled to relief against the Secretary or his agents. If so, the writ should issue. If it plainly appears from the face of the petition that he was not entitled to relief, the court should dissolve the petition. Under these circumstances, however, it was error to summarily dismiss the petition on the basis of Griffin's failure to name his custodian.

Reversed and remanded.