NOT DESIGNATED FOR PUBLICATION

No. 124,515

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MANZOOR JAGHOORI,
*Appellant*,

v.

DONALD LANGFORD, Warden, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; CAREY L. HIPP, judge. Opinion filed June 3, 2022. Affirmed.

*Bradley T. Steen*, of Law Office of B. Truman Steen, LLC, of Ellsworth, for appellant.

*Robert E. Wasinger*, legal counsel, of Department of Corrections, Ellsworth Correctional Facility, for appellee.

Before HILL, P.J., MALONE, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Manzoor Jaghoori, an inmate with the Kansas Department of Corrections (KDOC), appeals the district court's summary dismissal of his K.S.A. 60-1501 petition. Jaghoori's petition claimed that prison authorities violated his due process rights when he was disciplined for possession of dangerous contraband. But because the sanction Jaghoori received for the disciplinary violation did not deprive him of a constitutionally protected liberty or property interest, the district court did not err in summarily dismissing the petition.

1

FACTS

Jaghoori was an inmate at the Ellsworth Correctional Facility (ECF) at the time of these proceedings. He had recently been transferred from the Norton Correctional Facility (NCF). On April 27, 2021, during a routine facility shakedown, prison officials found a bottle of adhesive inside Jaghoori's locker and an unmarked container of yellow liquid on his bunk shelf. The ECF warden, Donald Langford, charged Jaghoori with a disciplinary offense in violation of K.A.R. 44-12-901, Dangerous Contraband, Class I offense.

The KDOC held a disciplinary hearing on May 10, 2021. The searching officer and Jaghoori both testified at the hearing. Jaghoori testified that the unmarked container of yellow liquid was a bottle of cologne he had bought from the KDOC canteen and that the adhesive was glue for a hobby craft item that had been approved while he was at NCF. The hearing officer also reviewed the video of the cell search and the personal property inventory log sheets from when Jaghoori was transferred from NCF. After reviewing the evidence, the hearing officer found Jaghoori violated K.A.R. 44-12-901

> "by having in his possession a bottle of liquid fusion urethane adhesive. This adhesive is not allowed inside of ECF because of its possible use as an inhalant. . . . As to [Jaghoori's] claim that he had the adhesive when he arrived at ECF, it cannot be confirmed as it does not appear on any documentation available from his day of arrival."

The hearing officer sanctioned Jaghoori with 20 days of restricted privileges. Jaghoori appealed the decision, and it was affirmed by the Secretary of Corrections.

On August 13, 2021, Jaghoori filed a pro se K.S.A. 60-1501 petition with the district court, claiming that the confiscated items did not meet the broad definition of dangerous contraband under K.A.R. 44-12-901. The petition alleged that he had been "sanctioned to 20 days of restriction, 11 days loss of good time credits and given a higher

2

custody level." Jaghoori alleged that the sanctions deprived him of a liberty and property interest and that his due process rights were violated when he was denied a fair hearing.

On September 1, 2021, the district court summarily denied Jaghoori's petition for failure to state facts entitling him to relief and failure to list all civil actions filed in the last five years. Jaghoori timely appealed the district court's judgment, and the district court appointed counsel to represent Jaghoori on appeal.

ANALYSIS

On appeal, Jaghoori claims the district court erred in summarily dismissing his K.S.A. 60-1501 petition. Jaghoori asserts the district court should have given him a chance to supplement his petition with a list of civil actions from the last five years. He also argues that the district court should not have dismissed his petition for failure to state a claim because he adequately pled a due process violation. Langford and the KDOC (Respondents) argue that this court should uphold the district court's summary dismissal of Jaghoori's K.S.A. 60-1501 petition because Jaghoori was not deprived of a constitutionally protected interest implicating due process. Jaghoori has filed no reply brief to respond to the Respondents' claim.

The Kansas Supreme Court recently clarified the legal framework and standard of review for K.S.A. 60-1501 petitions. *Denney v. Norwood*, 315 Kan. 163, 170-74, 505 P.3d 730 (2022). When determining whether it should issue a writ of habeas corpus, the district court must accept all well-pled factual allegations as true. And to issue the writ, the district court must find that the petition alleges "'shocking and intolerable conduct or continuing mistreatment of a constitutional stature.'" *Denney*, 315 Kan. at 173 (quoting *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 [2009]). But "[i]f the court determines that the motion, files, and the records of the case conclusively show that the inmate is

3

entitled to no relief, then the court shall dissolve the writ." *Denney*, 315 Kan. at 174. See K.S.A. 2020 Supp. 60-1505(a); K.S.A. 2020 Supp. 60-1503(a).

An appellate court's review of a summary dismissal of a K.S.A. 60-1501 petition is de novo. "[A]ppellate courts are in just as good a position as the district court to determine whether it plainly appears from the face of the petition and any supporting exhibits that the plaintiff is entitled to no relief." *Denney*, 315 Kan. at 175.

For an appellate court to review a prison disciplinary sanction, the inmate's claim under K.S.A. 60-1501 must assert the deprivation of some constitutionally protected interest; otherwise, the petition may be summarily dismissed. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). The inmate bears the burden of proof to establish a violation of a constitutional right. *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16 (1997).

In considering Jaghoori's claims of due process violations, this court applies a two-step analysis. The first step is to determine whether the State has deprived the inmate of life, liberty, or property. If there has been a deprivation of life, liberty, or property because of State action, the second step is to determine the extent and nature of the process due. *Hogue*, 279 Kan. at 850.

On appeal, Jaghoori acknowledges the two-step process but does not explain what protected liberty or property interest the State deprived him of with the disciplinary action; he only argues there was insufficient evidence to convict him of the violation. In the Facts section of his brief, Jaghoori reasserts the similar claim he made in his petition that he was sanctioned with "20 days of restriction, 11 days loss of good time credits, increased custody level, and ordered that the facility would hold the glue and oil."

4

But as the Respondents point out, the record does not support Jaghoori's assertion of the disciplinary sanctions that were imposed for the violation. The record reflects the only sanction the hearing officer imposed was 20 days of restricted privileges. The Good Time Award Record/Review exhibit from ECF included in the record shows that no good time credits were forfeited as a sanction for the violation but that 11 days of unearned good time credits were withheld during the period the violation occurred.

The restriction of an inmate's privileges is not a significant and atypical hardship that will support a claim based on a violation of due process. *Ramirez v. State*, 23 Kan. App. 2d 445, 447, 931 P.2d 1265 (1997). As for good time credits, the law recognizes a distinction between a forfeiture of good time credits already earned as opposed to the withholding of unearned good time credits; the former constitutes a deprivation of an inmate's liberty interest while the latter does not. See *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, Syl. ¶ 8, 24 P.3d 128 (2001); *Davis v. McCune*, 30 Kan. App. 2d 822, 824, 48 P.3d 1287 (2002). The withholding of 11 days of unearned good time credits during the period of Jaghoori's violation was not a deprivation of a protected liberty interest.

The only property the hearing officer found as contraband was the adhesive glue the prison officials confiscated. An inmate has no property interest in an item classified as contraband. *Bryant v. Barbara*, 11 Kan. App. 2d 165, 168, 717 P.2d 522 (1986). Thus, despite Jaghoori's disciplinary conviction, he has suffered no deprivation that would implicate a constitutionally protected liberty or property interest. As a result, the district court did not err in summarily dismissing his petition. See *Hogue*, 279 Kan. at 850.

Assuming Jaghoori had shown a constitutionally protected interest, there is still no error in the dismissal of his K.S.A. 60-1501 petition by the district court. Our Supreme Court held in *May v. Cline*, 304 Kan. 671, 674-75, 372 P.3d 1242 (2016):

5

"[D]ue process is satisfied in the context of an inmate disciplinary proceeding if there is any evidence in the record, even evidence which could be characterized as meager, that could support the conclusion of the disciplinary authority. Due process does not require that the evidence preclude other possible outcomes or conclusions, only that the evidence provides some support for the conclusion reached by the disciplinary authority such that the decision is not arbitrary."

Jaghoori was charged and convicted of possession of dangerous contraband, a violation of K.A.R. 44-12-901, which provides:

"(a) Dangerous contraband shall be defined as any of the following:

(1) Any item, or any ingredient or part of or instructions on the creation of an item, that is inherently capable of causing damage or injury to persons or property, or is capable or likely to produce or precipitate dangerous situations or conflict, and that is not issued by the department of corrections or the facilities, sold through the canteen, or specifically authorized or permitted by order of the secretary of corrections or warden for use or possession in designated areas of the facility;

(2) any item that can be the basis for a charge of felony for its possession under the laws of Kansas or the United States; or

(3) any item that, although authorized, is misused if the item in its misused form has the characteristics of being able to cause damage or injury to persons or property or being likely to precipitate dangerous situations or conflicts.

"(b) All contraband shall be confiscated and shall be ordered forfeited by the inmate.

"(c) No inmate shall possess, hold, sell, transfer, receive, control, or distribute any dangerous contraband.

"Violation of this regulation shall be a class I offense."

Jaghoori concedes that the "some evidence" standard is a low bar. But he argues that the substance was not contraband because the hearing officer relied on hearsay testimony and made conclusory statements about the adhesive's dangers as a possible inhalant. Jaghoori asserts that a reasonable and impartial hearing officer would have

6

asked officials at NCF, where he claimed he bought the glue, if this item was available for purchase at the canteen. He concludes by arguing that the hearing officer was biased and that the evidence was "conclusory and without substance."

There is evidence in the record that provides some support for the hearing officer's findings. The hearing officer heard testimony from one of the searching officers and reviewed her written report; he watched the video of the officers entering the cell for the search; he heard testimony from Jaghoori; and he reviewed the personal property inventory logs from NCF when Jaghoori was transferred from that facility. Jaghoori does not dispute that he had the glue in his possession. The video showed the searching officers enter Jaghoori's cell, although it could not confirm which officer discovered the items. The searching officer testified that she confirmed with two other officers that the adhesive glue was not allowed. And, finally, the personal property inventory logs did not show, as Jaghoori contended, that he bought the glue from NCF or transferred it with him to ECF.

The evidence need not preclude other possible outcomes or conclusions; it only must support the disciplinary finding so that the decision is not arbitrary. *May*, 304 Kan. at 674-75. Here, the record shows some evidence to support the charged offense and the conclusion reached by the hearing officer. As a result, the hearing officer's conclusion that Jaghoori violated K.A.R. 44-12-901 based on this evidence does not offend due process. Thus, the district court properly dismissed Jaghoori's petition for failure to state facts entitling him to relief.

Finally, Jaghoori argues that the district court erred in dismissing his K.S.A. 60-1501 petition because he did not list all civil actions that he participated in over the last five years. He argues that the district court should have allowed him a chance to remedy this deficiency. The Respondents agree with this argument, as do we.

7

When a habeas corpus petition "falls somewhat short . . . of the statutory requirements," the Kansas appellate courts have either been lenient and considered petitions or have allowed petitioners to cure the deficiencies before summarily dismissing the petition. *Griffin v. Gilchrist*, 33 Kan. App. 2d 233, 236, 100 P.3d 99 (2004). In *Taylor v. McKune*, 25 Kan. App. 2d 283, 288, 962 P.2d 566 (1998), the plaintiff timely filed a habeas corpus petition but failed to include a verification, the proper fee, a poverty affidavit, or a list of prior civil actions. The petitioner remedied the deficiencies upon receiving the district court's order of noncompliance. A panel of this court held that no such deficiency or omission deprived the district court of jurisdiction. See also *Griffin*, 33 Kan. App. 2d at 236 ("it was error to summarily dismiss the petition on the basis of [petitioner's] failure to name his custodian"); *Stewart v. Secretary of Corrections*, 29 Kan. App. 2d 411, 413, 27 P.3d 932 (2001) (holding that a petitioner should have a chance to correct any deficiencies before the court dismisses it).

But even if the district court had given him leave to cure the deficiency about the failure to list civil actions over the last five years, he still would not be entitled to relief for the reasons discussed above. If a district court reaches the correct result, its decision will be upheld even though it relied on the wrong ground or assigned erroneous reasons for its decision. *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015).

Affirmed.