NOT DESIGNATED FOR PUBLICATION

No. 127,099

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALE M.L. DENNEY,
*Appellant*,

v.

INMATE REVIEW BOARD,
*Appellee*.


MEMORANDUM OPINION

Appeal from Labette District Court; FRED W. JOHNSON JR., judge. Submitted without oral argument. Opinion filed August 16, 2024. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before HILL, P.J., ATCHESON and CLINE, JJ.


PER CURIAM: Dale M.L. Denney appeals from the district court's summary dismissal of his latest K.S.A. 60-1501 petition for its failure to comply with K.S.A. 60-1502. Denney alleges the court should have permitted him to correct his errors rather than dismissing his petition. Yet, on appeal, Denney asserts a new argument to support issuance of the writ he sought below and abandons the one asserted in his petition. Because Denney waived his original argument and we decline to consider his new argument for the first time on appeal, we affirm the district court's dismissal of his petition and make no ruling on the merits of either argument.

1

Denney is an inmate in the custody of the Kansas Department of Corrections (KDOC) at the Oswego Correctional Facility in Oswego, Kansas, serving the sentences he received in 1993 for his sex and weapons offenses in two cases consolidated for trial. Denney was sentenced to consecutive sentences of 36 years to life in case No. 93CR1343 and 228 months' imprisonment in case No. 93CR1268. The facts surrounding Denney's convictions are fully detailed in *State v. Denney*, 258 Kan. 437, 905 P.2d 657 (1995).

*Denney's present K.S.A. 60-1501 petition*

On March 17, 2022, Denney filed a K.S.A. 60-1501 petition on his own behalf in Labette County District Court asserting that he was being unlawfully confined beyond his mandatory release date.

In that petition, Denney claimed that the Inmate Review Board (IRB) denied his request for parole filed on February 28 of that same year, and that its decision was erroneous. According to Denney, because his underlying cases were consolidated, his convictions were a "'single conviction event'" under K.S.A. 1993 Supp. 21-4703(c). He claims under the "double rule" in *State v. Riley*, 259 Kan. 774, 915 P.2d 774 (1996), that the maximum sentence he could receive under Kansas law was 228 months, meaning he should have been released by July 30, 2017. Given this alleged maximum release date, Denney argued that any parole was "null and void." Denney also moved the court to take judicial notice of *State v. Dixon*, 60 Kan. App. 2d 100, 492 P.3d 455 (2021).

Denney has made this argument several times before, including in a K.S.A. 60-1507 motion he filed in July 2022 that was being appealed in a separate case before this panel, *Denney v. State*, No. 126,784, 2024 WL 3738410 (Kan. App. 2024) (unpublished opinion), and a motion to correct an illegal sentence filed in December 2021, which was

denied on the merits. Denney also filed a notice of appeal of that decision in *State v. Denney*, case No. 127,469.

On May 8, 2022, the district court summarily dismissed Denney's K.S.A. 60-1501 petition. The court found that Denney's petition did not comply with the procedural requirements in K.S.A. 60-1502 because it was not verified and did not include a list of all civil actions, including habeas corpus actions, that Denney had participated in or filed in any state court within the last five years. The court added that it believed Denney's petition should be construed as a K.S.A. 60-1507 motion, and that if it was, it was filed in the wrong court and was untimely.

Following dismissal of his petition, Denney filed several motions and purported court orders in which he pretended to be a judicial officer, seeking various forms of relief including a request for reconsideration of the dismissal of his petition and a "Supplemental Motion to Reinstate 60-1501 Petition and Discharge Dale M.L. Denney from his False Imprisonment." In addressing these documents in an order dated October 3, 2022, the district court noted Denney did not raise new arguments or address the deficiency of his original petition in his supplemental motion. It denied Denney's request for reconsideration, restating its findings about his petition's noncompliance with the technical requirements in K.S.A. 60-1502.

Denney then filed what he called an "Objection to Court's Order of October 3, 2022," a "Declaration Of Sovereign Status And Memorandum Of Law With Points And Authorities On The 'Sovereignty' Of Dale M.L. Denney In Relation to 'government' of the several Compact De-facto States and the Federal Government," a notice of appeal of the court's October 3 order and motion to appoint appellate counsel, and various other filings objecting to the proceedings. After the district court appointed counsel to represent Denney, Denney filed another motion to reconsider, which the district court denied since

Denney filed it himself while represented by counsel. Denney filed another notice of appeal as to that decision.

REVIEW OF DENNEY'S APPELLATE CHALLENGES

On appeal, Denney challenges the district court's dismissal of his petition for its noncompliance with K.S.A. 60-1502. He claims the court was required to allow him to correct the deficiencies in his petition before dismissing it and then consider the merits of his claim. He also says the petition should not have been summarily dismissed because it contained a meritorious claim precluding summary dismissal.

A. *Standard of review and requirements for a K.S.A. 60-1501 petition*

When a district court summarily dismisses a K.S.A. 60-1501 petition based only on the motion, files, and records—like the district court did here—appellate courts review its decision de novo. *Denney v. Norwood*, 315 Kan. 163, Syl. ¶ 7, 505 P.3d 730 (2022).

"'[A] 1501 petition is a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution.'" 315 Kan. at 172 (quoting *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211 [1994]). Any person who is "'detained, confined or restrained of liberty on any pretense whatsoever' may petition for a writ of habeas corpus in the district court of the county where the person is constrained." 315 Kan. at 173 (quoting K.S.A. 2020 Supp. 60-1501[a]). Put simply, a writ of habeas corpus means "a summons to bring a person before the court, often to determine whether the conditions of an inmate's incarceration are legal." 315 Kan. at 172; see Black's Law Dictionary 854 (11th ed. 2019).

Once a K.S.A. 60-1501 petition is filed, a district court must promptly conduct an "initial assessment of the petition to determine whether a writ of habeas corpus should

4

issue . . . [and] must accept all well-pled factual allegations as true." 315 Kan. at 173. A writ should issue if the petition alleges "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). But if it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief, the court must dismiss the petition. 289 Kan. at 648-49; see K.S.A. 2023 Supp. 60-1503(a).

A K.S.A. 60-1501 petition is subject to certain requirements set forth in K.S.A. 60-1502:

> "The petition shall be verified and state: (1) The place where the person is restrained and by whom; (2) the cause or pretense of the restraint to the best of plaintiff's knowledge and belief; and (3) why the restraint is wrongful. Individuals in the custody of the secretary of corrections must also include a list of all civil actions, including habeas corpus actions, the inmate has filed, or participated in, in any state court within the last five years."

Here, the district court dismissed Denney's petition for not meeting two of the requirements in K.S.A. 60-1502—failure to verify the petition and failure to "include a list of all civil actions, including habeas corpus actions, [Denney] has filed, or participated in, in any state court within the last five years." And the court denied his request to reconsider that dismissal, citing Denney's original K.S.A. 60-1501 petition's technical omissions.

B. *The district court was not required to allow Denney an opportunity to cure the deficiencies in his petition.*

Denney does not dispute that his K.S.A. 60-1501 petition was not verified and did not include a list of the civil actions he filed or participated in during the last five years. Instead, he asserts the court was "required to give [him] an opportunity to amend the

5

petition or other cure any deficiency" under *Griffin v. Gilchrist*, 33 Kan. App. 2d 233, 100 P.3d 99 (2004), before dismissing his petition. And since it did not, Denney asserts that the court erred as a matter of law. The IRB counters that *Griffin* only stands for the general principle that a district court should allow a prisoner to correct a deficiency in a K.S.A. 60-1501 petition before dismissing it—not that it is required to do so.

We find that, while it would have been prudent for the district court to have permitted Denney to correct his petition before dismissing it, the court was not compelled to do so and dismissal was not reversible error under the circumstances.

To start, the IRB is correct that *Griffin* does not require a district court to allow a prisoner to take corrective action as to K.S.A. 60-1502 deficiencies before dismissing a K.S.A. 60-1501 petition. In *Griffin*, we reversed and remanded the district court's summary dismissal of Griffin's K.S.A. 60-1501 petition for failure to state the specific custodian of his person. 33 Kan. App. 2d at 233. We found that it was error to summarily dismiss Griffin's petition since "[t]he petition . . . read as a whole . . . clearly establishes that Griffin is in the custody of the [Kansas Secretary of Corrections] and its agent, the warden of the Lansing Correctional Facility." 33 Kan. App. 2d at 236. We stated that under those circumstances, "it was the district court's obligation under K.S.A. 60-1503 to determine whether Griffin may have been entitled to relief." 33 Kan. App. 2d at 236. But we cautioned that "[h]ad the situation here been such that it was unclear from the petition who had custody of Griffin and it was clear the persons or agencies named in the petition did not, summary dismissal may have been appropriate." 33 Kan. App. 2d at 236.

As Denney stresses, we stated in *Griffin*: "[W]hen a petition for habeas corpus falls . . . short . . . of the statutory requirements of K.S.A. 2003 Supp. 60-1502, the appellate courts of Kansas have either been lenient and considered the petition or have given petitioner the opportunity to make the necessary corrections before summarily dismissing the petition." 33 Kan. App. 2d at 236. And we cited three cases to support this

conclusion about the practice of leniency. See *In re Habeas Corpus Application of Horst*, 270 Kan. 510, 14 P.3d 1162 (2000) (Kansas Supreme Court considered writ of habeas corpus despite that no custodian was listed in the caption); *Stewart v. Secretary of Corrections*, 29 Kan. App. 2d 411, 413, 27 P.3d 932 (2001) (district court should have issued an order of noncompliance for failure to verify petition, but dismissal was proper since the clerk gave Stewart notice of the deficiency and he took no corrective action); *Taylor v. McCune*, 25 Kan. App. 2d 283, 288, 962 P.2d 566 (1998) (petition's omissions—no verification, no list of prior civil actions, no filing fee, and no poverty affidavit—were corrected after district court issued order of noncompliance). But this statement does not support Denney's suggestion that a court is *required* to allow a prisoner to correct their petition before ordering dismissal.

Rather, as the IRB argues, this caselaw demonstrates that Kansas courts often allow prisoners an opportunity to take corrective action before dismissing their petitions. We agree with the IRB that this is a prudent practice in many cases given that most K.S.A. 60-1501 petitions are filed without legal representation. That said, IRB persuasively argues this caselaw imposes no *duty* to afford an opportunity to comply with K.S.A. 60-1502 before ordering that a petition be dismissed.

Thus, since a district court is not compelled to permit a prisoner to take corrective action—although this practice is common—the next step is to look at whether dismissal was appropriate in Denney's case.

C. *On appeal, Denney replaces the claim in his petition with a new argument we decline to consider.*

Denney also claims the district court erred because his petition contained a meritorious claim precluding summary dismissal. The problem with his argument is the claim he presents on appeal was not asserted below. Denney abandons the argument he

presented in his petition—which he characterizes as a challenge to a statutory sentencing error in the district court. He acknowledges the merits of that claim were addressed in the separate appeal involving his K.S.A. 60-1507 motion. He now asserts the district court should not have dismissed his petition because he is being illegally confined beyond his maximum release date because the KDOC erred in aggregating his sentences under K.S.A. 1993 Supp. 21-4608. But this new argument is not properly before us because he failed to raise it below. Denney's petition focused on the "double rule," and his appellate brief asserts a different issue—an aggregation error under K.S.A. 1993 Supp. 21-4608. See *State v. Brown*, 300 Kan. 565, 590, 331 P.3d 797 (2014) ("Issues not raised to the district court may not be raised on appeal.").

Denney contends the "exact language" of his petition is "immaterial" and asks us to glean this claim on appeal after admitting it is "not fully set forth in his petition." He claims the content of his petition "suggests" the error and asks us to liberally construe his pro se petition. We decline to accept Denney's invitation to transform his argument on appeal. Not only does he argue a completely different basis for relief on appeal, but the relief he seeks on appeal is against a different party. Denney's new complaint is aimed at the KDOC for its alleged error in the calculation of his sentence and computation of his parole eligibility. And he alleges KDOC—not the IRB—is the one violating the 1993 statutes under which he filed for relief. Yet Denney did not sue the KDOC—he sued the IRB. The writ he sought below against the IRB would not remedy his complaint on appeal about the KDOC's aggregation of his sentences.

Under these circumstances, we find the district court did not commit reversible error in dismissing Denney's petition without allowing him to correct the deficiencies. We note the district court did not consider or rule on the merits of Denney's original claim, and neither have we. We have likewise offered no opinion on the merits of his new aggregation argument.

Affirmed.