(838 P.2d 371)

No. 67,805

FRANCIS WISHTEYAH, *Appellant*, v. THE KANSAS PAROLE BOARD, *Appellee*.

Opinion filed October 2, 1992.

*Charles J. Cavenee*, of Legal Services for Prisoners, Inc., of Lansing, for appellant.

*Jon P. Fleenor*, assistant attorney general, and *Robert T. Stephan*, attorney general, for appellee.

Before LARSON, P.J., LEWIS and PIERRON, JJ.

PIERRON, J.: Francis Wishteyah (petitioner-appellant) appeals the dismissal of his petition for a writ of habeas corpus, which he filed pursuant to K.S.A. 60-1501. Wishteyah contends the Kansas Parole Board's implementation, subsequent to his conviction and incarceration, of conditional release policies constitutes a violation of the ex post facto clause of Article I, Section 10 of the United States Constitution.

The facts are not in dispute and will be briefly summarized here.

In 1975, Wishteyah was convicted of aggravated battery and burglary. He was sentenced to a controlling term of 8 to 30 years. At the time Wishteyah committed the crimes, the Kansas Parole

Board had an unwritten policy regarding conditions placed upon individuals released from prison in accord with K.S.A. 22-3718. Apparently, that unwritten policy only required released individuals to "not violate" state or federal law. The parties stipulated that the foregoing policy changed in 1984. The revised policy placed conditions and requirements on Wishteyah regarding: travel, owning of weapons, use of narcotics and alcohol, associating with others engaged in illegal activity, employment, education, and counseling or aftercare.

Wishteyah was conditionally released from prison June 19, 1991. The Kansas Parole Board, on July 31, 1991, revoked Wishteyah's conditional release because he had violated certain conditions of his release. Specifically, Wishteyah associated with individuals he was prohibited from seeing, failed to follow aftercare recommendations, and failed to abstain from consuming alcoholic beverages.

Wishteyah filed a petition for a writ of habeas corpus challenging the Board's revocation of his release. The district court dismissed the petition. The court adopted the Board's findings of facts and conclusions of law. The court agreed that the Board's change in policy did not violate the United States Constitution ex post facto clause because the revisions did not apply retrospectively to conduct occurring before the imposition of the conditions.

Wishteyah timely appeals.

Wishteyah contends the revised policy imposed by the Board violates the ex post facto clause. Specifically, Wishteyah contends the revised conditions apply retrospectively because they apply to event(s) occurring before their enactment, that is, they apply to the crimes for which Wishteyah was convicted and incarcerated.

The Board contends the revised policy applied only to conduct committed after the revision occurred and, consequently, is not unconstitutional.

This court has recently examined the elements required to be present for a criminal law to violate the ex post facto clause.

"The United States Constitution prohibits the legislative enactment of any ex post facto law. U.S. Const., art. I, § 10. Two critical elements must be present for a criminal or penal law to be ex post facto: It must be retro-

spective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. A criminal law disadvantages the offender if it punishes an act not punishable when committed, imposes additional punishment to that then prescribed, aggravates the crime, or alters the legal rules of evidence." *Lamb v. Kansas Parole Board*, 15 Kan. App. 2d 606, Syl. ¶ 8, 812 P.2d 761 (1991).

The precise issue Wishteyah raises has not been addressed by the Kansas appellate courts. The California Court of Appeal has examined a very similar issue, however, and its decision appears instructive. In *In re LeDay*, 177 Cal. App. 3d 461, 221 Cal. Rptr. 398 (1985), *cert. denied* 478 U.S. 1008 (1986), LeDay sought a writ of habeas corpus, contending that the extension of his recommitment to prison as a parole violator under a recently revised provision of the State penal code was an invalid ex post facto punishment. Until January 1984, the statute at issue had provided that confinement based on revocation of parole could not exceed 12 months. That provision was amended in 1984, allowing the parole board to extend confinement based on revocation of parole for a maximum of an additional 12 months for "subsequent acts of misconduct committed by the parolee while confined pursuant to that parole revocation." 177 Cal. App. 3d at 462-63.

The California court employed the same test articulated by this court in *Lamb v. Kansas Parole Board*. The California court found that LeDay was disadvantaged, in the requisite sense, by the amendment, but determined that the amendment was not applied to LeDay retrospectively. The court ruled that the misconduct for which LeDay's term was extended occurred *after* the effective date of the amendment.

The court rejected LeDay's argument that the relevant inquiry is whether " 'the provision attaches legal consequences to a crime committed before the law took effect' (citation omitted) and that for this purpose the 'crime' is not his new misconduct but rather the crime for which he was initially committed to prison." 177 Cal. App. 3d at 464.

Likewise, in the present case, the actions for which Wishteyah's conditional release was revoked occurred after the Board had revised its policy.

It seems clear Wishteyah was aware that future misconduct would result in his return to prison. Wishteyah signed the doc-

ument listing the conditions under which his release was granted. Like *LeDay*, the conditions did not apply retrospectively to Wishteyah's previous conduct. The conditions applied only to Wishteyah's future conduct.

Under the rationale found in *Lamb* and *LeDay*, it is apparent the court correctly dismissed Wishteyah's petition.

The Board raised additional arguments in rebuttal to Wishteyah's contention. Due to our approval of the *Lamb* rationale, we need not reach those arguments.

Affirmed.