(8 P.3d 12)

No. 83,286

MARTIN D. MULDROW, *Appellee*, v. ROBERT HANNIGAN, *et al.*, *Appellants*.

Opinion filed June 16, 2000.

*Jon D. Graves*, of Kansas Department of Corrections, for appellants.

*Sam S. Kepfield*, of Legal Services for Prisoners, Inc., of Hutchinson, for appellee.

Before ELLIOTT, P.J., BEIER, J., and PADDOCK, S.J.

ELLIOTT, J.: Robert Hannigan, *et al.* (the State) appeal the trial court's granting of Martin Muldrow's K.S.A. 1999 Supp. 60-1501 petition, in which his conditional release date was reinstated as April 25, 1999.

We affirm as modified.

The facts are not materially disputed. Muldrow was serving sentences on six cases; his controlling sentence was 5 to 17 years, with a present sentence beginning date of September 17, 1989. He was paroled on July 1, 1998. Muldrow apparently tested positive for cocaine soon thereafter. The Kansas Parole Board officially revoked parole on August 25, 1998, and he was ordered to serve to his conditional release date of April 25, 1999.

In *Stansbury v. Hannigan*, 265 Kan. 404, 960 P.2d 227, *cert. denied* 142 L. Ed. 2d 567 (1998), and *Bankes v. Simmons*, 265

Kan. 341, 963 P.2d 412, *cert. denied* 525 U.S. 1060 (1998), our Supreme Court ruled the retrospective application of K.A.R. 44-6-124(g)(6) violated ex post facto principles. As a result, Muldrow's good time credit was restored and his conditional release date was changed to March 17, 1998.

The Parole Board rescinded its August 1998 order and issued a new order revoking his *conditional release*, rather than his parole, and passed his case for reconsideration to May 1999. Muldrow complained he had never been granted conditional release and, therefore, it could not be revoked.

The Department of Corrections (DOC) policy underlying this action was set forth in a November 17, 1998, e-mail to the Hutchinson Correctional Facility:

"If the CR date with restored good time is subsequent to the inmates [*sic*] most recent Revocation [*sic*] hearing date, the inmate should be released. If however, the restoration Of [*sic*] good time moves the CR date to a date earlier than the most recent revocation Hearing [*sic*] date, the inmate becomes a CR violator rather than a parole violator and Should [*sic*] not be released."

The trial court granted Muldrow's habeas corpus petition, ruling Muldrow's conditional release date was not abrogated by restoration of good time credit and holding he was entitled to conditional release as of April 25, 1999. This appeal follows.

The State first argues Muldrow's petition should have been dismissed for failure to state a constitutional claim. See *Ramirez v. State*, 23 Kan. App. 2d 445, 448, 931 P.2d 1265, *rev. denied* 262 Kan. 962 (1997).

Good time credits already earned are a protected liberty interest because the State has vested a statutory right to those credits. *Frazee v. Maschner*, 12 Kan. App. 2d 525, 528, 750 P.2d 418, *rev. denied* 243 Kan. 778 (1988). And since the DOC is a state agency, its regulations fall within the coverage of ex post facto principles. See *Stansbury*, 265 Kan. at 413.

Muldrow's petition alleged he was disadvantaged by the unlawful, retrospective application of state regulations; that presents a colorable constitutional claim. See *Garner v. Nelson*, 25 Kan. App. 2d 394, 397, 963 P.2d 1242 (1998).

The trial court did not err in refusing to summarily dismiss the petition.

The State also argues the trial court erred in concluding Muldrow's original conditional release date was not abrogated. The State acknowledges, however, that when Muldrow's parole was revoked, he was ordered to serve to his conditional release date under K.A.R. 45-9-3(a), which states:

"The board may require an inmate whose *parole* has been revoked to serve all or any part of the remaining time on the sentence up to the original conditional release date, plus all good time forfeited by the board. The board may require an inmate whose *conditional release* has been revoked to serve all or any part of the remaining time on the sentence." (Emphasis added.)

The State argues parolees and conditional releases are subject to the same supervision and method for revocation. While this may be true, the parties acknowledged at oral argument that the punishment for a parole violation versus a conditional release violation is *not* the same.

Further, the State's reliance on *Adams v. Kansas Parole Board*, 24 Kan. App. 2d 388, 947 P.2d 448, *rev. denied* 263 Kan. 885 (1997), is misplaced. *Adams* is factually distinguishable in many respects—most important is the fact that Adams' conditional release date remained constant. Here, Muldrow's conditional release date was moved subsequent to his parole revocation to a date *prior* to his release on parole. Muldrow's situation is factually and legally unique.

At the time of his parole, Muldrow signed a certificate stating he was being released on parole and the conditions of parole would continue if and when he reached his conditional release date. He was entitled to rely on K.A.R. 45-9-3(a), providing that a parole violation would subject him only to further incarceration up to the original conditional release date, plus all good time forfeited. On the other hand, conditional release is not discretionary; it is required by law. *Beck v. Kansas Adult Authority*, 241 Kan. 13, 29, 735 P.2d 222 (1987).

In the present case, the Parole Board rescinded the parole revocation and converted it to a conditional release revocation, authorizing the Parole Board to order Muldrow to serve all or any

part of the time remaining on his indeterminate sentences up to March 28, 2006. Muldrow was clearly disadvantaged by the Parole Board's actions.

While Muldrow played an active role in his return to prison, he did not cause the problem solely by his own misconduct, as argued by the State. The "problem" arose due to the unlawful withholding of good time credits as set forth in *Stansbury*, depriving Muldrow of what should have been his correct conditional release date. The disadvantage to Muldrow was created by the retrospective application of the regulation at issue in *Stansbury*.

After *Stansbury*, the State restored Muldrow's good time credit, and his conditional release date was changed to March 17, 1998. The trial court should have reinstated Muldrow's conditional release date to March 17, 1998, instead of April 25, 1999. By hindsight, since Muldrow's conditional release date was never properly revoked, he should have been conditionally released on March 17, 1998.

The trial court's interpretation of the law was correct, up to a point. The judgment is affirmed as modified. On remand, the trial court shall show the conditional release date is March 17, 1998.