No. 90,368

STEVEN D. KESTERSON, *Appellee,* v.
STATE OF KANSAS, *et al., Appellants.*

(79 P.3d 1074)

Opinion filed November 21, 2003.

*Linden G. Appel,* of Department of Corrections, argued the cause, and *Kenneth R. Smith,* special assistant attorney general, was with him on the brief for appellant.

*Charles J. Cavenee,* of Legal Services for Prisoners, Inc., of Lansing, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: Steven Kesterson, an inmate in Lansing Correctional Facility, filed a petition for writ of habeas corpus pursuant to K.S.A. 2002 Supp. 60-1501 in Leavenworth County District Court. He asked that the Department of Corrections (DOC) be ordered to restore good time credits it had withheld because of his failure to participate in a sex offender program. The district court granted the petition and DOC appealed. Kesterson moved to transfer to the Supreme Court under Rule 8.02 (2002 Kan. Ct. R. Annot. 55), and this court granted his request.

The sole issue on appeal is whether the version of the Kansas administrative regulation that awards good time credits, *i.e.,* K.A.R. 44-6-124, that was in effect at the time of the inmate's crime can be changed to his detriment without violating the Ex Post Facto Clause of the United States Constitution. We answer this question "no" and affirm.

In 1987, the Harvey County District Court convicted Steve Kesterson of three counts of aggravated burglary, two counts of aggravated assault, two counts of aggravated sodomy, one count of aggravated sexual battery, one count of attempted rape, one count of rape, and one count of aggravated escape. All offenses except the latter occurred in 1985. The court sentenced him to 35 years to life in prison.

DOC later offered Kesterson the opportunity to participate in the Sexual Abuse Treatment Program (SATP). He refused, claiming his Fifth Amendment rights against self-incrimination would be compromised. Specifically, he objected to a program requirement that he make, without immunity, an admission of responsibility for his crimes and provide details of all sex crimes he committed in the past. DOC then denied all good time credits during two program classification reviews in 2002, thereby extending his parole eligibility date. Kesterson was not convicted of any inmate disciplinary offenses during these review periods, and his unit team correctional counselor's sole basis for withholding 100% of Kesterson's good time credits was his failure to participate in SATP.

On January 29, 2003, the Leavenworth County District Court granted Kesterson's habeas corpus petition in a memorandum decision whose rationale we adopt. It states in relevant part:

"The administrative regulation in effect at the time that petitioner committed his crimes that is being reviewed is K.A.R. 44-6-124 (1984). This regulation states the following:

"44-6-124. Awarding good time. (a) Award each review period; one opportunity to earn good time; guidelines for granting and denying good time. Good time credits shall be awarded at every review designated for that purpose from credits available to be earned for the period since the last review. In the case of new admissions, good time credits shall be awarded for the period since the sentence begins date. All or any part of the credits allocated for that period may be awarded, except that, for time covered by jail credit, *the good time credits shall be presumed to have been earned* and shall be awarded by the unit team or classification committee prior to the initial hearing by the Kansas adult authority. (Emphasis added.)

"If the entire allocation of good time credit is not awarded at any review, no part of that allocation shall be awarded at a later date. The inmate shall be permitted only one period of opportunity to earn the good time credits available for each separate period.

"For parole eligibility, award of good time credits shall be limited as follows:

(1) Inmates with no class I offenses during the review period shall receive at least 50% of good time credits allocated for that period.

(2) Inmates with no class I or II offenses during the review period shall receive at least 60% of the good time credits allocated for that period.

(3) Inmates with no class, I, II or III offenses during the review period shall receive at least 70% of the good time credits allocated for that period.

(4) Inmates with no class I, II, III or IV offenses during the review period shall receive at least 80% of the good time credits allocated for that period.

(5) The balance of the credits above the percentages listed in paragraphs (a)(1) to (a)(4) shall be awarded by the unit team based on factors of good work, behavior, and on other performance factors related to effective rehabilitation of the inmate.

"K.A.R. 44-6-124(g)(6) [2000] as amended reads:

"(6) A refusal by an inmate to constructively work or participate in assigned programs shall result in the withholding of 100% of the good time credits for that program classification review period, unless the inmate is determined by the facility health authority to be physically or mentally incapable of working or participating in a particular program or detail.

. . . .

"This case is on all fours with *Stansbury v. Hannigan*, 265 Kan. 404, [960 P.2d 227, *cert. denied* 525 U.S. 1060 (1998)] and *Bankes v. Simmons*, 265 Kan. 341, [963 P.2d 412, *cert. denied* 525 U.S. 1060 (1998)]. In those cases, an inmate lost good time credits under K.A.R. 44-6-124(g)(6) for refusal to participate in the SATP program. In those cases, the application of the amended version of K.A.R. 44-6-124(g)(6) was found to be a violation of the prohibition against ex post facto laws as applied to *Stansbury* and *Bankes*. In this case the respondents are again attempting to apply an amended version of K.A.R. 44-6-124 against the petitioner. These actions fly directly in the face of the *Stansbury* and *Bankes* decisions. The application of the amended version of K.A.R. 44-6-124 to petitioner is a violation of the prohibition against ex post facto laws.

"Respondent argues that *State v. Armbrust*, [274 Kan. 1089, 59 P.3d 1000 (2002)] is controlling. This Court disagrees and finds that *Armbrust* is distinguishable from the matter before this Court. In *Armbrust* the defendants did not lose anything. They were penalized for the commission of a crime that occurred after the law changed. In the present case respondents ignore the fact that they are taking good time credits away from the petitioner that there was a presumption he had earned. Good time credits already earned are a protected liberty interest because the State has vested a statutory right to those credits. *Frazee v. Maschner*, 12 Kan. App. 2d 525, 528, [750 P.2d 418, *rev. denied* 243 Kan. 778 (1988)]; *Muldrow v. Hannigan*, 27 Kan. App. 2d 662, [8 P.3d 12 (2000]. *Armbrust* does not overrule or set aside the findings made in *Stansbury* or *Bankes*."

On appeal, DOC relies upon a number of cases in addition to *Armbrust*. All are readily distinguishable from the instant case.

In *Wishteyah v. Kansas Parole Board*, 17 Kan. App. 2d 480, 838 P.2d 371 (1992), an inmate challenged the change of the Kansas Parole Board policy which increased the restrictions placed on inmates as conditions of release prior to completion of their full terms. Following Wishteyah's return to prison for a parole violation after he had been conditionally released, he argued the increase in restrictions violated the Ex Post Facto Clause of the United States Constitution. See United States Constitution, art. I, sec. 9, cl. 3 and sec. 10, cl. 1. The Court of Appeals affirmed the dismissal of Wishteyah's petition. It held that the punished conduct was the parole violation, not the original offense of conviction, and therefore the Ex Post Facto Clause was not violated.

In *Vinson v. McKune*, 265 Kan. 422, 960 P.2d 222 (1998), not only was *Stansbury v. Hannigan* cited with approval, but the case also did not involve good time credits. Similarly, in *McKune v. Lile*, 536 U.S. 24, 153 L. Ed. 2d 47, 122 S. Ct. 2017 (2002), the United States Supreme Court acknowledged that inmate Lile's decision not to participate in the Kansas SATP did not "affect his eligibility for good-time credits or parole." *Lile*, 536 U.S. at 38.

In summary, this court clearly established its position 5 years ago in *Stansbury* and *Bankes*. We do not retreat from that position in the case at hand.

Affirmed.