NOT DESIGNATED FOR PUBLICATION

No. 114,927

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TYRELL E. ROSS,
*Appellant*,

v.

ELLSWORTH CORRECTIONAL FACILITY,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed July 29, 2016. Affirmed.

*Donald E. Anderson II*, of Robert A. Anderson Law Office, of Ellinwood, for appellant.

*Robert E. Wasinger*, legal counsel, of Kansas Department of Corrections, for appellee.

Before POWELL, P.J., ARNOLD-BURGER, J., and WALKER, S.J.

*Per Curiam*: Inmate Tyrell E. Ross appeals the district court's summary denial of his petition for writ of habeas corpus filed pursuant to K.S.A. 2015 Supp. 60-1501 in which he alleged that disciplinary sanctions imposed for an administrative conviction of possession of dangerous contraband violated his due process rights. Because we find Ross suffered no deprivation of any constitutionally protected interest from his discipline, we affirm the district court's dismissal of his petition.

1

FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2015, Ross was in the shower area at Ellsworth Correctional Facility (ECF) when a correctional officer who was making his normal rounds came into the shower area and smelled a sweet smoky odor. The officer testified at the disciplinary hearing he saw four inmates, including Ross, grouped near the shower area and witnessed smoke leave Ross' mouth. He also stated he discovered a leafy green substance on the ground, which another inmate claimed. Ross testified that he never smoked anything and no smoke came out of his mouth.

Ross was convicted administratively for possession of dangerous contraband in violation of K.A.R. 44-12-901. His sanctions were: (1) 14 days in disciplinary segregation, which was suspended for 120 days; (2) 30 days of restricted privileges; and (3) the withholding of 11 days of good-time credits for his conviction at his annual review.

After he properly exhausted his administrative remedies, Ross filed a pro se K.S.A. 2015 Supp. 60-1501 petition in the district court, claiming his due process rights were violated because there was insufficient evidence to support the disciplinary action. Ross argued it was not smoke the correctional officer saw leave his mouth—it was actually steam from the shower—and requested the disciplinary case be nullified. The district court summarily denied Ross' petition for failure to state facts entitling Ross to relief and failure to list all civil actions filed in the last 5 years.

Ross timely appeals.

DID THE DISTRICT COURT ERR IN SUMMARILY DENYING ROSS' 60-1501 PETITION?

On appeal, Ross argues the district court erred in summarily dismissing his 60-1501 petition for failure to state a claim, contending he was denied procedural due process and there was insufficient evidence to support the disciplinary action. K.S.A. 2015 Supp. 60-1501 allows any person confined in Kansas to petition the court alleging that some part of the confinement violates his or her constitutional rights. *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). We exercise unlimited review of a summary dismissal of a 60-1501 petition. 289 Kan. at 649.

To obtain court review of a prison disciplinary sanction, an inmate's claim under 60-1501 must assert the deprivation of some constitutionally protected interest; otherwise, the petition may be summarily dismissed. *Anderson v. McKune*, 23 Kan. App. 2d 803, 806-07, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997); see *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). Here, Ross' sanctions were: (1) 14 days in disciplinary segregation, which was suspended for 120 days; (2) 30 days of restricted privileges; and (3) withholding of 11 days of good-time credits. Therefore, we must begin by determining whether a constitutionally protected interest was implicated by Ross' disciplinary sanctions.

"A disciplinary segregation doesn't rise to the level of a constitutionally protected liberty interest. . . . [A] prisoner has no protected liberty interest in remaining in the general prison population . . . . *Murphy v. Nelson*, 260 Kan. 589, Syl. ¶ 9, 921 P.2d 1225 (1996); see also *Sandin v. Conner*, 515 U.S. 472, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)." *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505, 238 P.3d 328 (2010).

But see *Jamerson v. Heimgartner*, 304 Kan. ___, ___, 372 P.3d 1236, 1241 (2016) (duration of administrative segregation may implicate inmate's protected liberty interests). Here, Ross' sanction to disciplinary segregation was brief—only 14 days—and

was suspended for 120 days. Additionally, nothing in the record on appeal indicates the sanction was ever imposed, so no protected liberty interest was implicated. See *Hardaway*, 44 Kan. App. 2d at 505-06 (citing *Davis v. Ward*, 92 Fed. Appx. 634, 635 [10th Cir. 2004]).

Second, restricted privileges also do not implicate a protected liberty interest because they do not represent "a significant and atypical hardship on the prisoner which is not contemplated within the realm of conditions of [a prisoner's] original sentence." *Davis v. Finney*, 21 Kan. App. 2d 547, 559, 902 P.2d 498 (1995); see also *Ramirez v. State*, 23 Kan. App. 2d 445, 447, 931 P.2d 1265, *rev. denied* 262 Kan. 962 (1997) ("30 days' loss of privileges does not constitute an atypical and significant hardship"). Ross' 30 days of restricted privileges does not give rise to a constitutionally protected liberty interest.

Third, a prisoner has no protected liberty interest in good-time credits not yet earned or awarded. *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, Syl. ¶ 8, 24 P.3d 128 (2001). Only a forfeiture of good-time credits, *i.e.*, good time already awarded, is a protected liberty interest. See 271 Kan. 620, Syl. ¶ 7; *Kesterson v. State*, 276 Kan. 732, Syl. ¶ 2, 79 P.3d 1074 (2003). Here, Ross had not yet earned the credits that were withheld as a consequence of his disciplinary action. Thus, he had no liberty interest in these good-time credits as they had not yet been awarded or earned.

Despite Ross' prison disciplinary conviction, he has not suffered any deprivation that would implicate a constitutionally protected liberty interest. Because his 60-1501 petition did not assert the deprivation of such an interest, the district court did not err in summarily denying his petition. See *Anderson*, 23 Kan. App. 2d at 806-07.

4

Even if Ross had demonstrated a constitutionally protected interest, there is still no error in the dismissal of his 60-1501 petition by the district court. Our Supreme Court recently held in *May v. Cline*, 304 Kan. ___, Syl. ¶ 1, 372 P.3d 1242 (2016):

"Due process is satisfied in the context of an inmate disciplinary proceeding if there is any evidence in the record, even evidence which could be characterized as meager, that could support the conclusion of the disciplinary authority. Due process does not require that the evidence preclude other possible outcomes or conclusions, only that the evidence provides some support for the conclusion reached by the disciplinary authority such that the decision is not arbitrary."

Here, there is evidence in the record that provides some support for the conclusion reached by the disciplinary authority. The correctional officer stated he saw smoke coming out of Ross' mouth, found green leafy substance on the shower floor, and smelled a sweet odor. Although Ross argues the substance was claimed by another inmate and that the smoke coming from his mouth was actually steam from the shower, "[d]ue process does not require that the evidence preclude other possible outcomes or conclusions." *May*, 304 Kan. ___, Syl. ¶ 1. Here, the evidence in the record provides support for the conclusion reached by the disciplinary authority, and the district court was correct to summarily dismiss Ross' 60-1501 petition.

Affirmed.