NOT DESIGNATED FOR PUBLICATION

No. 116,762

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES JAMERSON,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.


MEMORANDUM OPINION


Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed June 30, 2017.
Affirmed.


*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.


*Joni Cole*, legal counsel of El Dorado Correctional Facility, for appellee.


Before GREEN, P.J., POWELL and GARDNER, JJ.


*Per Curiam*: This appeal arises from the district court's denial of James Jamerson's K.S.A. 60-1501 petition which challenged the Kansas Department of Corrections' (KDOC) adjustment of his good-time credits. The district court found that Jamerson had not exhausted administrative proceedings, so denied him relief on that claim. We affirm.

1

*Factual and Procedural Background*

On January 16, 2001, Jamerson was convicted of second-degree murder, conspiracy to commit aggravated robbery, and aggravated robbery. In 2016, Jamerson's sentence was recalculated to a prison term of 279 months, effective January 24, 2001. In accordance with that recalculation, the KDOC adjusted Jamerson's good-time credits by withholding 193 days and finding that Jamerson forfeited an additional 145 days.

In May 2016, Jamerson filed a petition for writ of habeas corpus pursuant to K.S.A. 60-1501 contesting the loss of "over 300 days" of good-time credit. Jamerson claimed he had exhausted his administrative remedies and attached the decisions of the warden of the El Dorado Correctional Facility (James Heimgartner) and the KDOC.

The district court determined Jamerson was not entitled to the good-time credits already forfeited. Jamerson then filed a "motion to reconsider" in July 2016, which claimed, for the first time, that the KDOC had violated his due process rights by taking his good-time credits without having held a hearing. The KDOC promptly responded and held a hearing regarding Jamerson's loss of good-time credits. The panel confirmed the adjustment of Jamerson's good-time credit and provided him with a copy of its decision. Jamerson then filed an appeal with the Secretary of Corrections.

The district court held a hearing on Jamerson's motion to reconsider. Jamerson's attorney requested that the August 11, 2016, hearing be continued so Jamerson could attend. The district judge denied that request, reasoning that the hearing was for the procedural matter of whether Jamerson had exhausted his administrative remedies prior to filing his action with the court. The State then called the chief records officer of the El Dorado Correctional Facility. She testified that, as of the hearing date, the Secretary of Corrections had not yet issued a disposition regarding Jamerson's due process claim.

Thereafter, citing K.S.A. 75-52,138, the district court found that Jamerson had not exhausted his administrative remedies:

"It does appear that the issue of good time credits, if not exactly the same but a similar claim which is alleged in [Jamerson's] current administrative proceeding and that was also brought as an initial claim in this Court, are of sufficient similarity that the Court will enforce the law, and the law requires him to have exhausted and filed proof of his administrative remedies before bringing his action to the district court for resolution. I believe . . . that this case is not yet ripe for a determination of good time credits here in the district court. . . . It's clear that [Jamerson's] good time credit issue is still before the secretary of corrections and has not been finally determined through the administrative process."

Jamerson timely appeals this decision.

*Jamerson Did Not Exhaust His Administrative Remedies Prior to the Hearing*

On appeal, Jamerson contends he "lost a protected liberty interest without due process of the law." Specifically, Jamerson alleges, "Due to the El Dorado Correctional Facility's failure to transport [Jamerson] to the hearing on August 11, 2016, he was unable to testify as to the additional days of good time credit that may have been taken without a hearing." Kansas appellate courts review the dismissal of a K.S.A. 60-1501 petition to determine whether the district court's findings are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004).

To seek habeas corpus relief, an inmate must allege a constitutional deprivation. *Rincon v. Schnurr*, No.114,670, 2016 WL 3031284, at *2 (Kan. App. 2016) (unpublished opinion). Kansas courts have found that the deprivation of good-time credits without a hearing implicates an inmate's due process rights and may be rectified by a K.S.A. 60-

3

1501 action. *Kesterson v. State*, 276 Kan. 732, Syl. ¶ 2, 79 P.3d 1074 (2003). However, an inmate in the custody of the Secretary of Corrections must first exhaust his or her administrative remedies before filing a civil action naming the Secretary, warden, or any other State employee as the defendant. K.S.A. 75-52,138; *Sperry v. McKune*, 305 Kan. 469, Syl. ¶ 5, 384 P.3d 1003 (2016).

K.A.R. 44-15-102 details the administrative steps for filing and appealing a grievance within the KDOC. An inmate begins the process by filing a grievance at the Unit Team level at the corrections facility. K.A.R. 44-15-102(a). If the inmate is not satisfied with the Unit Team's response, he or she may within 3 days request that the grievance be transferred to the warden. K.A.R. 44-15-102(b). The warden then has 10 days to answer the inmate's grievance. K.A.R. 44-15-102(b)(3)(A). Grievances can be appealed to the Secretary of Corrections within 3 days of the warden's answer if the inmate finds it unsatisfactory, and the Secretary has 20 days in which to render a decision. K.A.R. 44-15-102(c). Only after this procedure is completed may an inmate file an action with the district court. K.S.A. 75-52,138.

Jamerson's brief ignores this issue. However, as the district court found, the record does not show that Jamerson exhausted his administrative remedies on his due process claim. Although the record indicates that Jamerson had exhausted his administrative remedies before filing his May 2016 petition, the same cannot be said of Jamerson's July 2016 motion. Although that motion was styled as a motion for reconsideration, it did not request that the district court reconsider its prior ruling about the amount of good-time credits but instead presented a wholly different due process issue. Jamerson's novel due process argument in his motion for reconsideration triggered KDOC administrative proceedings that were still in progress on the date of the district court hearing. Accordingly, the district court did not err in finding that Jamerson had failed to exhaust his administrative remedies relating to the due process issue.

4

The State raises several ancillary issues in its brief that are not addressed by Jamerson. We need not address them because we deem an issue not briefed by the appellant to be waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

Affirmed.