NOT DESIGNATED FOR PUBLICATION

No. 117,692

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DASHEA HENDERSON,
*Appellant*,

v.

REX PRYOR, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed March 9, 2018.
Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Joni Cole*, legal counsel, of El Dorado correctional facility, for appellees.

Before POWELL, P.J., GREEN, J., and HEBERT, S.J.

PER CURIAM: Dashea Henderson, an inmate at the El Dorado Correctional
Facility, appeals the district court's dismissal of his K.S.A. 60-1501 petition, claiming (1)
he was deprived of due process in his disciplinary proceeding because his conviction for
battery was supported by insufficient evidence and (2) the hearing officer improperly
denied his request to call the victim to testify on his behalf. For reasons we more fully
explain below, we disagree and affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On January 6, 2016, Henderson, who at the time was an inmate at the Leavenworth Correctional Facility, was cited and served with a disciplinary report for committing battery against another inmate in violation of K.A.R. 44-12-324. According to the disciplinary report, on the morning of January 1, 2016, inmate Leas suffered multiple injuries to his face and head. After reviewing footage of a video camera labeled "Shower entry," S.A. Gift, an officer in the prison, identified Henderson as one of the individuals who battered Leas.

At his disciplinary hearing two days later, Henderson pled not guilty to committing battery. The record of the hearing notes that Henderson did not submit a witness form. At the hearing, Gift testified that the video does not show Henderson hitting the victim but, instead, shows a group of inmates first entering the shower together, including Henderson and Leas, and then shows Leas exiting the shower with fresh cuts and injuries to his face and head. Henderson testified that he was in the shower when Leas was battered but denied any involvement in the battery. Henderson admitted he intended to fight another inmate that day but did not because the inmate turned around.

The hearing officer, C.S.I. Hunt, found that it was more likely true than not that Henderson committed battery against Leas. Hunt watched the video footage and noted in the hearing record that it showed a group of inmates, including Leas and Henderson, enter the shower. Hunt noted that moments after entering the shower, the video shows the group of inmates rush at Leas and then Leas exits the shower with injuries to his face and head. As punishment, the hearing officer fined Henderson $20 and imposed a 180-day loss of good time credits. The Warden approved the hearings officer's decision. Henderson appealed to the Secretary of Corrections, who also approved the decision.

Henderson filed this K.S.A. 60-1501 petition in the Leavenworth County District Court. Henderson attached a witness request form to his petition and asserted it showed that on January 7, 2016, he requested Leas to appear as a witness at his disciplinary hearing. Henderson also attached a notarized document signed by Leas and labeled "Affidavit." The document states that Leas would have testified at the hearing that Henderson was not involved in the altercation except to break it up.

In April 2016, the Leavenworth County District Court granted Henderson an evidentiary hearing, but because Henderson had been transferred to the El Dorado Correctional Facility, his petition was transferred to the Butler County District Court. In July 2016, the respondents answered Henderson's petition and moved to dismiss for failure to state a claim. Later that month, the district court summarily dismissed the petition. Henderson then filed a motion to recuse the judge and a motion to alter or amend the judgment. The district court set aside the summary dismissal and granted Henderson a hearing.

At the hearing, Henderson argued that an issue of fact existed regarding whether he had submitted the witness form that was attached to his petition. Each party presented arguments as to whether an evidentiary hearing was appropriate on that issue and whether Henderson timely filed his petition. The district court took the parties' arguments under advisement and informed them that if the petition was timely filed, it would then consider the merits of each claim.

Following the hearing, the district court ordered the respondents to submit the full administrative record. Included in the administrative record was a form labeled "Acknowledgment/Inmate Waiver of Rights" that showed Henderson initialed and wrote "No" next to a paragraph that stated he did not submit a witness form within 48 hours of his receipt of the disciplinary report. The administrative record also included a witness request form showing Henderson requested a staff member to view the video and testify

3

on his behalf. The witness request form was signed by a housing staff member on January 7, 2016, but was neither approved nor denied by the hearing officer and did not bear the hearing officer's signature.

In December 2016, the district court issued an order dismissing Henderson's petition. In relevant part, the district court found Henderson was not deprived of due process by the hearing officer denying him the opportunity to call witnesses because the record did not support the finding that he properly requested Leas to testify. The district court also found Henderson was not deprived of due process because some evidence supported his conviction for battery.

Henderson timely appeals.

DID THE DISTRICT COURT ERR IN DISMISSING HENDERSON'S K.S.A. 60-1501 PETITION?

Henderson asserts his due process rights were violated as a result of the disciplinary hearing because no credible evidence supported his conviction for battery and the hearing officer denied his request to call the victim, Leas, to testify on his behalf at the hearing. Henderson also claims an issue of material fact exists on whether he was allowed to call witnesses.

Before we can address the merits of Henderson's claims, we must first resolve what appears to be a dispute between the parties as to which standard of review applies to the district court's dismissal of Henderson's K.S.A. 60-1501 petition. Henderson argues the district court erred in summarily dismissing his case and should have conducted an evidentiary hearing. Therefore, Henderson argues that we should apply the standard of review for a summary dismissal, which is as follows:

4

"To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature. Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists. An appellate court reviews a summary dismissal de novo. [Citations omitted.]" *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009).

Respondents argue that we are to review "a district court's decision on a K.S.A. 60-1501 petition to determine whether the district court's factual findings are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. The district court's conclusions of law are subject to de novo review." *Hooks v. State*, 51 Kan. App. 2d 527, 530, 349 P.3d 476 (2015) (citing *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 [2004]).

Based on a review of the district court's order, the district court summarily dismissed Henderson's petition but did not state the applicable statute. Two statutes may apply to a district court's summary dismissal:  K.S.A. 2017 Supp. 60-1503(a) and K.S.A. 2017 Supp. 60-1505(a). K.S.A. 2017 Supp. 60-1503(a) states:

"If it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court, the petition shall be dissolved at the cost of the plaintiff. If the judge finds that the plaintiff may be entitled to relief, the judge shall issue the writ and order the person to whom the writ is directed to file an answer within the period of time fixed by the court or to take such other action as the judge deems appropriate."

K.S.A. 2017 Supp. 60-1505(a) provides that summary dismissal is appropriate "[i]f the plaintiff is an inmate in the custody of the secretary of corrections and the motion and the

files and records of the case conclusively show that the inmate is entitled to no relief, the writ shall be dissolved at the cost of the inmate."

This court has previously held, in the context of a prison disciplinary case, that a district court is procedurally barred from reviewing what it termed "some evidence," such as a prison disciplinary record, when summarily dismissing a petition under K.S.A. 60-1503, and not K.S.A. 60-1505. The panel held that because the district court summarily dismissed the petition under K.S.A. 60-1503 it was required to accept the prisoner's statement of facts as true when deciding the case and was procedurally barred from reviewing the evidence contained in the administrative record. *Vogt v. Shelton*, No. 107,437, 2012 WL 3630300, at *3 (Kan. App. 2012) (unpublished opinion).

Here, the Leavenworth County District Court issued a writ and directed the respondents to answer. Once the case was transferred to the Butler County District Court, the district court ultimately granted a hearing to allow the parties to make arguments but based its memorandum decision on the correctional facility's administrative record and Henderson's pleadings. Because the district court relied on additional documents from the administrative record beyond Henderson's petition and attachments in its decision, we find the district court summarily dismissed Henderson's petition under K.S.A. 2017 Supp. 60-1505(a). Moreover, as we regard the evidence contained in the prison administrative record as uncontroverted and because we are in as good a position as the district court to examine that record, we will conduct a de novo review of the district court's summary dismissal. See *Johnson*, 289 Kan. at 649.

*The Merits of Henderson's Claims*

Henderson alleges he suffered violations of the Fourteenth Amendment to the United States Constitution, which prohibits the states from depriving persons of "life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1; 289 Kan.

6

at 649. We apply a two-step analysis to determine whether a due process claim has been stated in a K.S.A. 60-1501 petition:

> "First, a court must analyze whether the State has deprived the petitioner of life, liberty, or property. If so, the court next determines the extent and the nature of the process due. The question of whether an individual's constitutional rights have been violated is a question of law over which an appellate court exercises unlimited review. [Citations omitted.]" 289 Kan. at 649.

### 1.    *Was Henderson deprived of life, liberty, or property?*

After finding Henderson guilty of violating the prison regulation for battery, Henderson was fined $20 and a loss of 180-days earned good time credits. The imposition of a fine implicates the Due Process Clause even when only a small amount is taken from an inmate's prison account. *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997). A loss of good time credits already earned also is a protected liberty interest. *Kesterson v. State*, 276 Kan. 732, Syl. ¶ 2, 79 P.3d 1074 (2003). Thus, Henderson satisfies the first step of the analysis. O

### 2.    *What was the extent and nature of the process due Henderson?*

Next, the second step examines "the extent and nature of the process due." *Johnson*, 289 Kan. at 649.

#### a.    *Sufficiency of the evidence*

Henderson argues that he was deprived of due process because no credible evidence supported his disciplinary conviction for battery. Henderson asserts that no credible evidence supported the hearing officer's conclusion that he battered Leas other

than his "propinquity" to the group of inmates who were accused of battering Leas inside the shower.

In a disciplinary hearing,

"'[t]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . . Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016) (quoting *Sammons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 [1999]).

Following the United States Supreme Court's reasoning in *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985), the Kansas Supreme Court stated in *May*:

"[D]ue process is satisfied in the context of an inmate disciplinary proceeding if there is any evidence in the record, even evidence which could be characterized as meager, that could support the conclusion of the disciplinary authority. Due process does not require that the evidence preclude other possible outcomes or conclusions, only that the evidence provides some support for the conclusion reached by the disciplinary authority such that the decision is not arbitrary." 304 Kan. at 674-75.

Battery is defined in K.A.R. 44-12-324 as "the unlawful or unauthorized, intentional touching or application of force to the person of another, when done in a rude, insolent, or angry manner."

Henderson's argument and the facts of this case are similar to the United States Supreme Court's decision in *Hill*. In *Hill*, a prison guard heard an inmate twice say, "What's going on?" The guard identified the voice as coming from a walkway and, upon

opening the door to the walkway, saw an inmate named Stephens suffering from injuries to his face. The guard saw three inmates jogging away together down the walkway. The guard determined that one or more of the three inmates assaulted Stephens and that they acted as a group. The guard testified at the disciplinary hearing and submitted written disciplinary reports alleging the inmates assaulted Stephens. Two inmates, Hill and Crawford, testified at the hearing that they were innocent, and Stephens gave a written statement that the two inmates did not cause his injuries. At the conclusion of the hearing, the disciplinary board found the inmates guilty of violating the prison regulation for assault. 472 U.S. at 447-48.

The Massachusetts Supreme Judicial Court found the above evidence insufficient to support the inmates' assault convictions because the evidence did not support an inference that more than one person struck the victim and that either inmate was the assailant or participated in the assault. On appeal, the United States Supreme Court reasoned that the Massachusetts high court misperceived the due process standard. 472 U.S. at 456. The Court held that some evidence supported the assault convictions and held that no more process was due: "Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." 472 U.S. at 457.

As applied to the facts of this case, the district court here found some evidence supported Henderson's battery conviction. The court held that a reasonable hearing officer could conclude that the individuals gathered in the shower area to fight, rather than to take a shower, and that a reasonable hearing officer could conclude that Henderson took part in Leas' beating as part of a joint enterprise.

We agree that some evidence supports Henderson's battery conviction. First, the record provides that Gift testified that the video did not show Henderson striking Leas.

9

Thus, like in *Hill*, the evidence does not conclusively show that Henderson was the assailant or involved in the attack. Also like *Hill*, however, the officer's testimony and disciplinary report provide some evidence supporting the battery conviction. In the disciplinary report, Gift identifies Henderson as one of the individuals who battered Leas. Gift testified at the hearing, and the hearing officer stated in the hearing record that the video shows a group of inmates, including Henderson and Leas, entering the shower; the group of inmates then rushes at Leas; and Leas exits the shower with new injuries to his face and head. Henderson admitted at the hearing that he was present in the shower with the intention to fight another inmate. Although the evidence does not directly identify Henderson as the assailant and he denies that he battered Leas, the evidence is not so lacking that the officer's findings could be labeled arbitrary. See *Hill*, 472 U.S. at 457. Therefore, there is some evidence that Henderson was one of the individuals who battered Leas.

### b. *Witnesses*

Henderson also alleges that the hearing officer deprived him of due process in denying him the right to call Leas to testify on his behalf at the disciplinary hearing. The district court denied Henderson relief on this point after concluding that the record did not show Henderson filed a witness request form.

An inmate is not entitled to the "full panoply of rights" due a criminal defendant, but the United States Supreme Court has held than an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his [or her] defense when permitting him [or her] to do so will not be unduly hazardous to institutional safety or correctional grounds." *Wolff v. McDonnell*, 418 U.S. 539, 556, 566 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); see *Hogue v. Bruce*, 279 Kan. 848, 851, 113 P.3d 234 (2005).

10

"Under the Kansas Administrative Regulations adopted by the Kansas Department of Corrections, an inmate is entitled to have witnesses called to testify on his or her behalf at disciplinary proceedings. K.A.R. 44-13-101(c)(5). To request a witness, an inmate must submit an authorized form that indicates the expected testimony from each requested witness. K.A.R. 44-13-306. The hearing officer may grant or deny an inmate's request to call a witness after balancing the inmate's interests with certain specified needs of the prison. See K.A.R. 44-13-307; K.A.R. 44-13-405a(a). The hearing officer has broad discretion to permit or deny a witness request. K.A.R. 44-13-405a(b). If a request is denied, the hearing officer must provide a written explanation on the record . . . . K.A.R. 44-13-405a(e)." *Comstock v. Heimgartner*, No. 116,554, 2017 WL 2001639, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 306 Kan. 1316 (2017).

Henderson first argues that the "[district court] relied on an unsworn document prepared by the hearing officer, which was never properly admitted into evidence in making its decision to dismiss [his] petition." It appears Henderson is referring to the hearing officer's written record of the disciplinary hearing which states that Henderson did not submit a witness request form. Assuming that is the case, even if the district court had not later requested the full prison administrative record—which also contains the hearing officer's record of the hearing—Henderson attached what is purportedly the witness request form to his petition. Therefore, the district court could have considered the document in reaching its determination. Henderson also asserts a factual dispute exists requiring an evidentiary hearing because the witness request form attached to the petition purports to show that he requested Leas to testify as a witness on his behalf the day before the hearing.

In *Comstock*, 2017 WL 2001639, Comstock asserted that he was deprived of due process because the hearing officer denied him the opportunity to call witnesses to testify on his behalf. In support of his claim, Comstock attached a witness request form to his K.S.A. 60-1501 petition which he claimed showed he requested and was denied the opportunity to call two witnesses. But Comstock admitted on appeal that the record did

11

not contain any witness request forms except the one he attached to his petition. The panel found that the attached witness request form was not reliable evidence that Comstock was denied his request for witnesses, reasoning that the form was not signed or dated by Comstock or any housing unit staff and did not show that it was submitted to a housing unit staff. Also, the form was not signed by the hearing officer and did not indicate if the requests were approved or denied.

Like *Comstock*, the form Henderson asserts he used to request Leas' testimony at the hearing is not contained in the prison administrative record but is only attached to Henderson's petition. Also like *Comstock*, the form is not signed by the hearing officer and does not indicate whether the witness request was approved or denied. Unlike *Comstock*, it appears the form was signed by a housing unit staff member the day before the prison disciplinary hearing. But like *Comstock*, it appears that a hearing officer neither approved nor denied the request and did not sign the form. Additionally, the form is impossible to read and therefore is not reliable evidence that Henderson timely filed a witness request form for Leas to testify on his behalf.

The burden is on the party making a claim to designate facts in the record to support that claim; without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). Based on the record before us, Henderson cannot show that he actually requested Leas to testify as a witness on his behalf before or at the disciplinary proceeding.

Perhaps even more damning to Henderson's claim, the administrative record contains additional evidence which supports the district court's finding that Henderson did not properly request Leas to testify as a witness. The administrative record contains an acknowledgment/waiver of rights form that Henderson initialed and handwrote "No" next to the paragraph:  "I submitted request for Witness Form within 48 hours after receipt of the Disciplinary report," which supports a finding that he did not properly

12

request Leas' testimony. Second, the hearing officer noted that Henderson had not submitted a witness request form at the hearing. Although the prison administrative record shows that Henderson did prepare a legible witness request form prior to his disciplinary hearing, that form does not provide any support for a finding that Henderson requested Leas to testify at the hearing. Rather, it shows Henderson requested staff assistance to view the video and to testify on his behalf. Thus, based on the record, we find the district court did not err in finding Henderson did not properly request Leas to testify on his behalf.

Affirmed.