NOT DESIGNATED FOR PUBLICATION

No. 117,716

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL TONEY,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed May 4, 2018. Affirmed.

*Chris J. Pate*, of Pate & Paugh, LLC, of Wichita, for appellant.

*Joni Cole*, legal counsel, of El Dorado Correctional Facility, for appellee.

Before BRUNS, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Michael Toney appeals from the district court's decision summarily dismissing his petition for writ of habeas corpus under K.S.A. 2016 Supp. 60-1501. The district court found Toney's K.S.A. 60-1501 petition to be untimely filed. However, the district court went on to discuss the merits and found "that Toney has failed to demonstrate either shocking and intolerable conduct or continuing mistreatment of a constitutional nature." Based on our review of the record on appeal, we agree with the district court that Toney has not alleged in his petition shocking and intolerable conduct or continuing mistreatment of a constitutional stature. Thus, we affirm the district court's summary dismissal of Toney's K.S.A. 60-1501 petition.

1

At all times relevant to this appeal, Toney was an inmate at the El Dorado Correctional Facility (EDCF). On June 14, 2016, a corrections officer filed a disciplinary report against Toney in case 16-06-116. The report alleged that at approximately 5 a.m. on June 13, 2016, Toney violated K.A.R. 44-12-304 by disobeying an order and K.A.R. 44-12-323 by committing an assault. The following day, the corrections officer filed a second disciplinary report against Toney in case 16-06-117 alleging that at approximately 6:30 a.m. on June 13, 2016, Toney violated K.A.R. 44-12-306 by threatening or intimidating another person.

A hearing officer considered both disciplinary reports at a hearing held on June 16, 2016. At the hearing in case 16-06-116, Toney answered the hearing officer's questions. Moreover, three EDCF officers testified, and the hearing officer gave Toney the opportunity to ask them questions. After reviewing the disciplinary report and listening to the testimony of the witnesses, the hearing officer found Toney "guilty of disobeying orders and assault as he did refuse to pull his hand inside his cell when ordered . . . [and] did attempt to reach out at [an] officer . . . ."

The hearing officer then considered case 16-06-117. Again, Toney answered questions from the hearing officer, and three EDCF officers testified. Once more, the hearing officer allowed Toney to ask questions of the witnesses. After reviewing the disciplinary report and listening to the testimony of the witnesses, the hearing officer found Toney "guilty of threatening" a corrections officer "after having had an earlier incident involving a use of force on him with the RO . . . ."

On June 27, 2016, Toney appealed both disciplinary cases to the Secretary of Corrections. Subsequently, the Secretary of Corrections affirmed the hearing officer's decisions in both disciplinary cases. On July 8, 2016, the Secretary found that in case 16-

2

06-116 there had been substantial compliance with departmental and facility standards and procedures. Moreover, the Secretary found that the hearing officer based his decision on some evidence. Likewise, on July 12, 2016, the Secretary found that in case 16-06-117 that there had been substantial compliance with department and facility standards and procedures. Further, the Secretary found that the hearing officer based his decision on some evidence. Toney received a disposition of disciplinary appeal for case 16-06-116 on July 19, 2016, and for case 116-06-117 on July 21, 2016.

On September 9, 2016, Toney's K.S.A. 60-1501 petition was filed in district court. Although the K.S.A. 60-1501 petition did not contain a certificate of service, it included a notarized verification and poverty affidavit dated August 15, 2016. Toney also filed a cover letter dated August 16, 2016, with the petition. Also on September 9, 2016, Toney filed a motion for appointment of counsel. Attached to the motion was a poverty affidavit and supporting documents respectively dated August 8 and 15, 2016.

On October 11, 2016, Toney filed a motion for leave to file a supplemental K.S.A. 60-1501 petition, which attempted to add a claim relating to a third disciplinary action. According to the documents attached to the proposed supplemental petition, a corrections officer charged Toney in case 16-08-008 with violating K.A.R. 44-12-304 on August 2, 2016. Specifically, the corrections officer charged him with failing to follow the directive to allow the corrections officer to inspect Toney's mouth after a medication pass. Although the hearing officer notified Toney of the disciplinary hearing, he refused to participate. At the hearing held on August 5, 2016, the hearing officer found Toney "guilty of disobeying . . . a lawful order [to] show the [the reporting officer] the inside of his mouth after taking medication . . . ." Toney appealed, and the Secretary of Corrections upheld the hearing officer's decision on September 6, 2016.

On December 28, 2016, the district court filed a journal entry of summary dismissal. The district court determined that it should summarily dismiss the K.S.A. 60-

1501 action because Toney untimely filed the petition. In addition, the district court found that Toney had "failed to demonstrate either shocking and intolerable conduct or continuing mistreatment of a constitutional nature." According to the district court, the record showed that the hearing officer did not deny Toney the right to testify. Moreover, the district court determined that the record showed that the hearing officer conducted a proper hearing and gave sufficient reasons for his decision to find Toney guilty.

In addition, the district court noted that Toney had sought leave to amend his K.S.A. 60-1501 petition to include a claim relating to a third disciplinary action. However, the district court determined that it did not need to rule on this motion since Toney had untimely filed the original petition. Nevertheless, the district court went on to conclude that the record relating to the additional disciplinary conviction was sufficient to uphold Toney's conviction in that action as well. On January 12, 2017, Toney timely appealed to this court.

ANALYSIS

To avoid a summary dismissal, a K.S.A. 60-1501 petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. *Johnson*, 289 Kan. at 648-49; see K.S.A. 2017 Supp. 60-1503(a). On appeal, we exercise unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649; see *Swafford v. McKune*, 46 Kan. App. 2d 325, 328, 263 P.3d 791 (2011).

On appeal, Toney asserts that his right to procedural due process was violated at his disciplinary hearings. In order to establish a claim for a violation of due process in a

habeas corpus proceeding, an inmate must establish a deprivation of a recognized liberty or property interest. *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 (2005); *Murphy v. Nelson*, 260 Kan. 589, 598, 921 P.2d 1225 (1996). A disciplinary sanction within a prison does not implicate due process rights. However, the extraction of even a small fine from an inmate's prison account implicates the Due Process Clause. *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16 (1997) (citing *Longmire v. Guste*, 921 F.2d 620, 623-24 [5th Cir. 1991]). Likewise, good time credits already earned are a protected liberty interest. *Kesterson v. State*, 276 Kan. 732, Syl. ¶ 2, 79 P.3d 1074 (2003).

A review of the record does not reveal what penalties Toney received for being found guilty in the three disciplinary cases. As such, we could affirm the district court's summary dismissal of Toney's petition on the ground that he has not shown that his due process rights were implicated. However, Toney alleges in his K.S.A. 60-1501 petition that there were "$40.00 worth of fines" imposed. He also alleges that some of his good time credits were taken away from him. Thus, for the purposes of this appeal, we will accept Toney's allegations as true and proceed to the merits.

In the context of a prison disciplinary proceeding, an inmate's procedural due process rights are generally limited to written notice of the charges, an impartial hearing, an opportunity to call witnesses, an opportunity to present documentary evidence, and a written statement from the hearing officer as to the findings and reasons for the decision. *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 627-28, 24 P.3d 128 (2001); *Swafford*, 46 Kan. App. 2d at 329. Moreover, when an inmate challenges the basis for the hearing officer's decision, due process demands only a modicum of evidence to support the disciplinary sanction in order "to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens." *Superintendent v. Hill*, 472 U.S. 445, 454-55, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985). Accordingly, in the context of prison disciplinary proceedings, due process demands only

that some evidence in the record support a hearing officer's decision. 472 U.S. at 455; see *Sammons v. Simmons*, 267 Kan. 155, 158-59, 976 P.2d 505 (1999).

Toney contends that he did not have an opportunity to testify at his disciplinary hearings. We find that the record does not support this contention. Instead, a review of the record reveals that in the two disciplinary cases identified in his original K.S.A. 60-1501 petition, Toney answered the questions the hearing officer asked of him. Moreover, the record reveals that he was able to explain his side of the story to the hearing officer. In addition, a review of the record from the third disciplinary case reveals that Toney refused to participate in the hearing. Thus, we conclude that the district court properly found that the hearing officer did not deny Toney the opportunity to testify or to defend himself otherwise in the claims asserted against him.

Toney also contends that the hearing officer did not conduct the hearing in accordance with EDCF rules and policies. Once again, he argues that he was not allowed to testify. Furthermore, he argues that he did not receive adequate written findings from the hearing officer. It is important to note that Toney does not cite any specific rule or policy that the EDCF staff allegedly violated. Likewise, Toney attached the written rulings from the disciplinary actions to his K.S.A. 60-1501 petitions so it is obvious that he received them at some point in time. Although they are not extensive, we find that they are adequate to explain the hearing officer's decision in each case.

Toney next contends that his due process rights were violated because the hearing officer was biased. In support of this contention, Toney argues that he had named the hearing officer as a defendant in a pending civil action. However, Toney candidly admits that he did not allege this in his K.S.A. 60-1501 petition. Nevertheless, even if we assume that Toney properly presented the issue and accept the allegation that Toney had filed a lawsuit naming the hearing officer as a defendant, we do not know in what capacity he sued the hearing officer, nor do we know the nature of the allegations against him. We

6

note that the Kansas Supreme Court has found that judges should disqualify themselves when the circumstances and facts of a case "'create reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself, or even, necessarily, in the mind of the litigant filing the motion, but rather in the mind of a reasonable person with knowledge of all the circumstances.'" *State v. Walker*, 283 Kan. 587, 608, 153 P.3d 1257 (2007) (quoting *State v. Logan*, 236 Kan. 79, 86, 689 P.2d 778 [1984]). "The term 'bias' refers to the judge's mental attitude toward a party in the lawsuit. Bias and prejudice exist if a judge harbors a 'hostile feeling or spirit of ill will against one of the litigants, or undue friendship or favoritism toward one.' [Citations omitted.]" 283 Kan. at 587-88.

Here, Toney has not alleged that the hearing officer harbored hostility or ill will against him. He merely alleges that he had named the hearing officer in a lawsuit. Toney offers no legal support for the conclusion that filing a lawsuit against someone makes that person automatically biased against the plaintiff. Moreover, we find this case to be distinguishable from *Deere v. Heimgartner*, No. 113,944, 2015 WL 8590897, at *2-3 (Kan. App. 2015) (unpublished opinion). In *Deere*, the petitioner alleged that the hearing officer and the key witness against the petitioner had talked about the substance of the case before the hearing, and when the petitioner asked the witness for further details regarding the discussion, the hearing officer told the witness not to answer. Thus, we do not find Toney's generic allegation to be sufficient to show bias.

Finally, Toney contends that the district court erred in dismissing the claim that he desired to make in an amended K.S.A. 60-1501 petition. A review of the record reveals that the disciplinary report was served on Toney. As the district court also pointed out, the record reveals that Toney was aware of the rules and procedures followed for disciplinary cases.

In summary, we agree with the district court that—as a matter of law—no cause for granting a writ exists. Specifically, we find that Toney has not alleged shocking and

7

intolerable conduct or continuing mistreatment of a constitutional stature. We, therefore, conclude that the district court did not err in summarily dismissing Toney's K.S.A. 60-1501 petition. In light of this conclusion, we do not find it necessary to address the issue of timeliness of the filing of the K.S.A. 60-1501 petition.

Affirmed.